[No. 1537.]

CAMPBELL ET AL. v. THE EQUITABLE SECURITIES CO.

1. APPEALS AND WRITS OF ERROR.
One of several defendants against whom a judgment is rendered may appeal from the judgment without the other defendants joining in the appeal or being made parties thereto.

2. APPELLATE PRACTICE—RECORD—EXCEPTIONS.
A motion for a change of venue to another county, on the ground that the action involves the title to real estate situate in the county to which the change is sought, based upon the complaint and the ruling of the court upon the motion, become a part of the record and will be considered on appeal without being excepted to or made a part of the bill of exceptions.

3. PRACTICE—CHANGE OF VENUE.
An action by the holder of a note secured by deed of trust to cancel a release made by the trustee and to appoint a new trustee to enforce the deed of trust was an action involving the title to real estate. And where such action was brought in a different county from the one in which the land was located, it was reversible error to refuse to change the place of trial to the county where the land was located, upon motion seasonably made by defendant.

*Appeal from the District Court of Arapahoe County.*

Mr. H. N. HAYNES and Mr. JAMES W. McCREERY, for appellants.

Mr. C. H. BRIERLEY, for appellee.

THOMSON, P. J.

Suit brought in the district court of Arapahoe county by the Equitable Securities Company against Robert S. Campbell, the Farm Investment Company, Henry J. Aldrich, George S. Adams, public trustee, and the public trustee of Weld county, to cancel a deed of release executed by Aldrich, and for other relief. Judgment for the plaintiff, from which appeal is prosecuted to this court.

The complaint alleged the execution by the defendant Campbell, on the 12th day of July, 1889, of a deed of trust, conveying certain real estate, situate in Weld county, to the defendant Aldrich, as trustee, to secure the payment of a note of the same date, made by Campbell to the Colorado Securities Company for $2,580, due July 1, 1894; the purchase and ownership of the note by the plaintiff; its nonpayment; and the release by Aldrich to Campbell of the property conveyed by the trust deed. The prayer was that the release deed be canceled; that a new trustee be appointed and invested with the powers conferred by the trust deed; and for other relief. Before answering, the defendant Campbell moved the court to change the place of trial to the district court of Weld county, for the reason that the county designated in the complaint was not the proper county for the trial of the cause, the land being situate in Weld county. The motion was based, *inter alia*, upon the allegations of the complaint. The motion was denied. Upon the rendition of the judgment, the defendant Campbell prayed an appeal to this court, which was allowed, conditioned on the execution and approval of an appeal bond in the sum of $500. The Farm Investment Company and George S. Adams also prayed an appeal, which was allowed on the same condition. An appeal bond in the required penalty was executed by Campbell and the company, and was duly approved.

When the transcript was lodged in this court, the appellee interposed a motion to dismiss the appeal, because the other defendants did not join in the bond. The motion recited that the record showed that Robert S. Campbell, George S. Adams, public trustee, the Farm Investment Company, and the public trustee of Weld county prayed a joint appeal from the judgment, and that the appeal was granted on the condition that such appellants execute the appeal bond. The motion was based solely on this alleged condition of the record. The statement in the motion that the defendants jointly prayed an appeal is not correct. The defendant Campbell prayed, and was allowed, a separate appeal. Section 400 of

the code provides for the taking of an appeal by one of several defendants against whom a judgment is rendered; and whatever may be said as to the other defendants, the case is regularly in this court on appeal by the defendant Campbell. The motion is without merit.

Section 25 of the code provides that actions for the recovery of real property, or of any interest therein, or for the determination of any form of such right or interest, shall be tried in the county in which the subject of the action, or some part thereof, is situated; and section 29 provides that the court may, on good cause shown, change the place of trial when the county designated in the complaint is not the proper county. If this is an action for the determination of some form of interest in real estate, the county designated in the complaint was not the proper county for trial, and Weld county, where the subject of the action was situated, was the proper county; and upon the presentation by Campbell of his motion to change the place of trial, it was the duty of the court to order the change, and its failure to do so was error. *Smith v. The People*, 2 Colo. App. 99; *Pearse v. Bordeleau*, 3 Colo. App. 351. But it is said that no exception was preserved to the ruling of the court denying the motion, and that hence the question of the correctness of the ruling is not before us. We are of the opinion that no formal exception was necessary. It is provided by section 387 of the code that no exceptions need be taken to opinions or decisions sustaining or overruling demurrers or written motions affecting, or based on, the pleadings; but that all such opinions and decisions, together with the demurrers and motions, shall be taken as part of the record without being made such by the bill of exceptions. This motion was based on the complaint. No evidence *aliunde* was needed to support it, all the facts necessary to its determination appeared on the face of the complaint, and nothing was lost by failure to except to the ruling.

We come now to the main question, and that is whether this was an action for the determination of some form of in-

terest in real estate.   By his trust deed Campbell conveyed the legal title to Aldrich.   Aldrich could convey that title, by deed, to another, even in violation of the conditions upon which the power vested in him by the trust deed could be exercised ; and when he executed the deed of release, he transferred the legal title to Campbell.   *Stephens v. Clay*, 17 Colo. 489 ; *Barstow v. Stone*, 10 Colo. App. 396.   It is immaterial whether the note which the trust deed secured was paid or not.   Campbell, by virtue of the deed from Aldrich, became invested with the legal title to the land.   This suit was brought to cancel that deed.   The effect of a cancellation of the deed would be to divest Campbell of his legal title and vest that title in another,—either the original trustee or some one substituted for him.   The legal title to land is certainly a form of interest in real estate ; and this action, which has for its purpose the taking of the legal title out of Campbell and vesting it in a trustee to be appointed by the court, is an action for the determination of an interest in real estate.   It comes within the code provision, and is triable in the county where the land is situated.   We presume that the design of the legislature in making the provision which it did for the place of trial of causes like this was that all records affecting the title to land should be made in the county in which the land lies ; but whatever the purpose may have been, the language is explicit, and, in a proper case, upon a proper motion, the duty of the court is plain.

The judgment is reversed and remanded, with instruction to the court below to transfer the cause to the district court sitting in Weld county.

*Reversed.*