## FLETCHER AND GERELDS v. STOWELL.

1. JURISDICTION, NOT LIMITED TERRITORIALLY.—No territorial limit is fixed by the constitution to the civil jurisdiction either of the district courts or of the county courts.

2. RECORDS OF COUNTY COURTS.—PRESUMPTIONS.—As to matters within the jurisdiction of county courts, their records are supported by the same presumptions and intendments of law as the records of district courts.

3. CODE APPLICABLE TO COUNTY COURTS.—The provisions of the code concerning the place of trial of civil actions are applicable to county courts as well as to district courts.

4. VENUE OF CIVIL ACTIONS NOT JURISDICTIONAL.—The bringing of an action in an improper county is not a jurisdictional or fatal defect; the remedy is to apply to the court to change the place of trial; and the duty of making such change does not devolve upon the court of its own motion.

5. REMEDY MAY BE WAIVED.—Before it is incumbent upon the court to change the place of trial, *good cause* must be shown by the party applying; and this remedy is a privilege which may be waived, as by failing to appear.

*Error to County Court of Lake County.*

THIS was an action brought by Stowell in the county court of Lake county for the foreclosure of a mortgage of real property situate in Eagle county. The defendants being personally served with summons, made default; and thereupon a decree was rendered providing for a sale of the mortgaged premises, cutting off the interest of the defendant Gerelds as second mortgagee, and directing that if the proceeds of the sale were insufficient to satisfy the mortgage debt, the plaintiff have judgment and execution for the balance against the defendant Fletcher. The defendants bring the record to this court by writ of error.

The provisions of the Code of Civil Procedure specially referred to in the opinion are as follows:

" Sec. 25. Except when otherwise provided, actions for the following causes shall be tried in the county in which the

subject of the action or some part thereof is situated, subject
to the power of the court to change the place of trial as pro-
vided in this act.

\*    \*    \*    \*    \*    \*    \*    \*

" Third—For the foreclosure of a mortgage of real pro-
perty.

\*    \*    \*    \*    \*    \*    \*    \*

" Sec. 29. The court may, on good cause shown, change
the place of trial in the following cases:

" First—When the county designated in the complaint is
not the proper county."

\*    \*    \*    \*    \*    \*    \*    \*

Messrs. RUCKER & EWING, for plaintiffs in error, WIL-
LIAM FLETCHER, *pro se.*

S. D. WALLING, for defendant in error, ELLERY STOWELL,
*pro se.*

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The several assignments of error question the jurisdiction
of the county court on the ground that the property em-
braced in the mortgage sought to be foreclosed, was wholly
situate in a county different from the one in which the
court was held.

Before the adoption of the code the common law distinc-
tion between local and transitory actions was more or less
definitively preserved in this jurisdiction; and a mistake in
laying the venue of a cause was often fatal to the mainte-
nance of the action.

The constitution of the state adopted in 1876, confers
original jurisdiction of all causes upon the district courts,
and provides that the county courts shall. have unlimited
original jurisdiction in certain matters, and such other civil
and criminal jurisdiction as may be conferred by law within
certain limits as to the amount of the debt, damage, claim
or value of property involved.   No territorial limit is fixed

by the constitution to the civil jurisdiction either of the district courts or of the county courts. Const., art. 6, sections 11 and 23.

By statute, jurisdiction has been conferred upon the county courts concurrent with the jurisdiction of the district courts in all civil actions, suits and proceedings, subject to the constitutional limit as to amount and value as aforesaid. The county courts are courts of record, and as to matters within their jurisdiction under the constitution and laws of this state, their records are supported by the same presumptions and intendments of law as the records of district courts. 1 Mills' Annotated Statutes, sec. 1054; *Hughes v. Cummings*, 7 Colo. 141; *Dusing v. Nelson*, 7 Colo. 187; *Behymer v. Nordloh*, 12 Colo. 352; *In re Rogers*, 14 Colo. 20.

Subject to the foregoing principles of constitutional and statutory law, the Code of Civil Procedure governs the question presented upon this review. Chapter 2 of the Code concerning *venue*, or strictly speaking, " The place of trial of civil actions," is applicable to county courts as well as to district courts. A careful consideration of this chapter leads to the conclusion that it was not intended to limit or circumscribe the jurisdiction of the courts by rigid rules regulating the venue in civil actions. The provisions of the chapter are most liberal in this respect. They do not, in general, speak of the county in which the action *must or shall be brought or commenced*, but of the county in which the action *shall or may be tried*, subject, also, to the power of the court to change the place of trial as provided in the act itself. Such is the language of section 25 which is particularly applicable to an action like the one under consideration for the foreclosure of a mortgage of real property.

Again, from the language of section 29 it is apparent that the bringing of an action in an improper county is not regarded as a jurisdictional or fatal defect. If it were so regarded, a plea in abatement or to the jurisdiction of the court would be the proper remedy. Instead of this, the statute expressly provides for a change of the place of trial.

The duty of changing the place of trial is not devolved upon the court of its own motion. The change is required to be made only "on good cause shown." These words plainly imply that a party considering himself aggrieved by the bringing of the action in a wrong county, or considering himself likely to be prejudiced by the trial thereof in the county where the action is pending, must apply to the court and show good cause therefor, in order to have the place of trial changed. Such change may be applied for on the ground that the action has not been brought in the proper county, considering the location of the subject of the action, as in the present case; or it may be applied for on the ground that the ends of justice, or the convenience of parties and their witnesses, will be better subserved by the change. But in any case, before it shall be incumbent upon the court to make the change, *good cause*—that is, some statutory ground —must be shown to the court by the party applying for such change; and this remedy is a privilege which may be waived, as by failing to appear. These conditions are fortified, though not controlled, by the fact that chapter 3 of the Code concerning the manner of commencing civil actions, does not designate any particular county within which the summons must be personally served. Valid personal service in an action may be obtained in any county in the state. Code, sections 37, 39, 44. *Watts v. White*, 13 Cala. 324; *Houck v. Lasher*, 17 How. Pr. (N. Y.) 521; *Campau v. Dewey*, 9 Mich. 404.

There are conflicting decisions upon this subject. But the views above expressed appear to us reasonable and satisfactory; besides, they are sustained by the decisions of the highest courts of the states from which our Code was borrowed. The judgment of the county court is affirmed.

*Affirmed.*