Reed, J.,
after stating the facts, delivered the opinion of the court.
Preliminary to the discussion of supposed errors as assigned and presented by counsel, arises a question, novel in character, but seemingly of great importance, or rather several questions.
*104 First. The district courts of Rio Grande and Arapahoe counties being courts of equal and concurrent jurisdiction, and the right of the parties and the title to the property having been adjudicated and a final decree entered in the district court of Rio Grande county — were not the matters, as far as district courts were concerned, res adjudieata ? After the final decree, from which an appeal was taken to the supreme court, such decree could not be vacated nor the decreed rights of parties affected but in one of two ways. First, by the setting aside of the decree and granting a new trial in the trial court; second, by a reversal of the decree in the supreme court; neither of which had been done. By entertaining the bill presented and proceeding to grant equitable relief by injunction, the district court of one district assumed the power to review the findings of a court of concurrent jurisdiction in another district; for the right to equitable relief must have been determined upon the same facts adjudicated in the other court, consequently, a different finding must be predicated upon the facts already adjudicated. It cannot be said that the district court, of Arapahoe county assumed jurisdiction in ignorance of these facts, for they are stated in the complaint, where, after stating the premises and institution of the suit, it is said: “ That upon issue being joined by the defendant in the said suit, the trial of said case was had at the last term of the district court of Rio Grande county, holden at Del Norte on or about the 15th,of April, 1889, and that the said court after hearing the said case, rendered a decree dismissing the bill of complaint of the said plaintiff * * * from which decree the Empire Land <& Canal Company has appealed to the supreme court.”
Previous to such appeal, jurisdiction of the subject-matter in controversy was in the district court of Rio Grande county. By the appeal the district court of Rio Grande county was divested of jurisdiction and it was vested in the supreme court, which had full and sole power to grant relief by supersedeas, injunction or otherwise. The question is not presented for determination, nor will it be definitely determined.
*105 By the bill of complaint it was shown that the property in controversy was real property situate in Bio Grande county. On the 25th of April, two days after presenting the complaint, a motion was made to change the venue to that county. The motion was filed some days before the proceeding for contempt was instituted, was not disposed of, and as far as shown by the record, remains undisposed of. If prior to that time the court had jurisdiction — was it not by such application deprived of all jurisdiction to proceed ?
By sec. 25 of the Civil Code it is declared that such actions shall be tried in the county in which the subject of the action, or some part thereof, is situated.
It was apparent upon the face of the complaint that it pertained to real property in Bio Grande county, hence, that the district court of Arapahoe county could not retain jurisdiction for adjudication after the motion to change was made. We are satisfied that this is a correct construction of the statute, and this conviction is strengthened by the construction of the same and similar statutes in other states. See Veeder v. Baker, 83 N. Y. 156; Bonnell v. Esterly, 30 Wis. 549; Woodward v. Hanchett, 52 Wis. 482; Meiners v. Loeb, 64 Wis. 343; Watts v. White, 13 Cal. 321; Cook v. Pendergast, 61 Cal. 72; Heald v. Hendy, 65 Cal. 321.
We can find no case in our own courts where the point has been decided. The nearest approach to it was in Fletcher v. Stowell, 17 Colo. 94, but the question presented in this case was not involved. Suit was brought in Lake county to foreclose a mortgage on real property in Eagle county. Defendants made no appearance and a decree of foreclosure was taken by default and sustained, the court holding that it was not incumbent upon the court to change the case to Eagle county of its own motion, and that the right to a change was waived by a failure to appear. In this case there was an appearance and a motion. Nothing in that case militates against the position taken here. The district courts being courts of general jurisdiction, the case would be retained unless the defendant asserted his right to have it tried in the *106 proper county. The right to change is a privilege. It may be waived, but when asserted, the statute is peremptory, and the court has no jurisdiction to proceed, and all further acts will be void. To hold otherwise would abrogate the statute.
In sec. 29 of the Code it is provided that the court “ may change the place of trial when from any cause the judge is disqualified to try the action; ” but it is also provided, “ the court shall not change the place of trial for the disqualification of the district judge in any case where a competent judge of another district court will appear and try the action.” An affidavit was filed in the district court of Arapahoe county, stating that the district judge of Rio Grande county had been of counsel, but this was an unwarranted proceeding, there being no provision in the statute for conferring jurisdiction in that manner. It could only be effective by the application having been made in the county where, by the requirements of the statute, the case could properly be tried. Then there could be no change to another forum if a competent judge could be procured.
III. In addition, the writ of injunction was void for want of notice and jurisdiction of the defendants, even if it had had jurisdiction of the subject-matter of the controversy. The application was ex parte, the relief granted, a mandatory injunction directing a delivery and change of possession of real property and directing other acts to be performed, it was a judgment or decretal order, frequently called “a judical writ,” that could only legally follow a final judgment or decree. A final judgment and decree had been entered by the district court of Rio Grande county, but finding the defendant to be the owner. Such decree carried with it the right of possession and the right of entry — could only be stayed by injunction or a supersedeas from the supreme court, which had jurisdiction by the appeal. The acts of the district court of Arapahoe county in assuming jurisdiction and issuing the mandatory writ were, in effect, the assumption of the powers of the supreme court to review the proceedings of the district court of Rio Grande county, *107 which it exercised without notice to the defendants, ex parte, reviewing and reversing the decree of a court of concurrent jurisdiction and without adjudication changing the possession. That a mandatory writ of the character issued in this case can only he a legal writ when based upon a judgment or decree, unless authorized by statute, has been so frequently held, it is hardly necessary to cite authorities in this support.
In Story’s Eq. Juris. § 861, it is said: “The most common form of injunctions is that which operates as a restraint upon the party in the exercise of his real or supposed rights; and is sometimes called the remedial writ of injunction. The other form, commanding an act to be done, is sometimes called the judicial writ, because it issues after a decree, and is in the nature of an execution to enforce the same; as, for instance, it may contain a direction to the party defendant to yield up, or to quiet, or to continue, the possession of the land, or other property, which constitutes the subject-matter of the decree in favor of the other party.” See High on Injune. § 4; D. & N. O. R. R. Co. v. A. T. & S. F. R. R. Co., 13 Fed. Rep. 546; Arnold v. Bright, 41 Mich. 210; Railway Co. v. Railway Co., 61 Mich. 9; Spofford v. Railway Co., 66 Me. 51; Wangelin v. Goe, 50 Ill. 459.
Our statutes contain no provisions or exceptions in this class of cases, taking them out of the well settled rule of equity; the only innovation upon the rule, by statute, conferring upon the courts such extraordinary power is in the case of mines, sec. 159, Civil Code, and in those cases, by see. 160, the writ is declared void if issued without notice. Under the provisions of the statutes, as well as established principles of equity, the mandatory writ was absolutely void for want of notice as well as from want of adjudication.
IY. The writ being void, no proceedings for contempt could be predicated upon a refusal to obey it. There is a wide and well defined distinction between a writ improvidently or erroneously issued by a court having jurisdiction of the subject-matter and parties, and one issued without such ju *108 risdiction. In the first instance, the writ must be implicitly obeyed, no matter how erroneous, unless vacated or dissolved. 2 Danl. Chy. Prac. 1743-4; Kerr on Injunc. *569; Woodward v. Earl of Lincoln, 3 Swans. 626 ; Spokes v. Banbury B. of H., L. R. 1 Eq. Cas. 41.
In the latter case, the writ is not voidable but absolutely void — is no writ — entitled to no respect and demanding no attention. Haines v. Haines, 35 Mich. 143; Browne v. Moore, 61 Cal. 432; Pennsylvania v. Wheeling B. Co., 18 How. 421; Ex parte Fiske, 113 U. S. 718; Worden v. Searles, 121 U.S. 14.
It follows that the court erred in finding the defendant guilty of contempt in refusing to obey the writ of injunction.
Such finding will be reversed and the cause remanded with instructions to discharge the defendant and dismiss the bill of complaint.

Reversed.