THE BOARD OF COUNTY COMMISSIONERS OF GUNNISON COUNTY, APPELLANT, v. THE BOARD OF COUNTY COMMISSIONERS OF SAGUACHE COUNTY, APPELLEE.

1. JURISDICTION.

In an action between counties under the act of 1887 (Sess. Laws, p. 238), to establish a boundary line, the court has jurisdiction to render

judgment upon the evidence, and is not limited to a determination of the accuracy of the line run by the state engineer.

2. VENUE—PRACTICE.

When an action is commenced in the wrong county the remedy is to apply, upon a showing of cause, for a change of venue.

*Appeal from the District Court of Saguache County.*

Mr. DEXTER T. SAPP, for appellant.

Mr. JAMES M. DENNY, for appellee.

BISSELL, J., delivered the opinion of the court.

An act of the legislature, passed in 1872, created the counties of Saguache and Lake, and defined their respective boundaries. The northeastern boundary of Saguache county, according to the calls of the statute, was to run in a northwesterly direction along the summit of the Sangre de Christo range "to the top of Poncho pass." The southern boundary of Lake county, by the calls of the section of the act which established it, ran east along the north boundary of Saguache county "to the top of the range at Poncho pass." No dispute ever arose between Saguache and Lake counties with reference to the location of the north and south boundaries of those two counties. Later, and in 1887, the territory embraced in the geographical subdivisions previously established was again subdivided, and the county of Gunnison created. According to the calls of the statute establishing that county, it commenced at a point on the south line of Lake county, where the said line crosses the summit of the range of mountains forming the watershed between the waters of the Arkansas and Colorado rivers, known as the "Saguache Range." For some years after the passage of this act no question was made concerning the initial point of the southern boundary of Gunnison county. In 1887, however, the interests of the people of a certain section in Gunnison county provoked a discussion as

to the point which should be taken as the one from which the line should start. The present action was brought by Saguache county against Gunnison county under the act of 1887, to settle the dispute concerning this boundary. The act of 1887 (Sess. Laws 1887, p. 238) provided generally that when the boundary lines of any county were uncertain, and the territory was in dispute between the two territorial subdivisions, the state engineer might be called upon to run the line and determine the question. The act further provided that, if the action of the engineer was unsatisfactory to either of the counties, suit might be brought in a court of competent jurisdiction within six months after the plat was filed by the state engineer, to determine and settle the boundary. The state engineer ran and fixed the line in 1887, and filed the plat in April, 1888, and in May following the present suit was brought.

Two questions only were discussed by counsel on the argument, or are presented in their brief. The first is as to the jurisdiction of the court to render a judgment on the evidence establishing the boundary line between the two counties. The argument assumes that the power of the court to render judgment is limited to the determination of the accuracy of the line as run by the state engineer, and deprives it of the power, under the evidence, to adjudicate what the line may be, regardless of the testimony which may have been introduced on the subject. The statute cannot be properly thus limited. It broadly confers upon a court of competent jurisdiction the power to determine and settle the disputed line, and it must be held that the jurisdiction conferred is ample enough to enable the court, on the testimony before it, to determine what the line is, and where it should be run. The collateral objections that the suit was brought in the wrong county, and that the district court of the seventh judicial district was without authority to hear and determine the matter, are likewise without foundation. The action was brought, and the defendant appeared and answered, a replication was filed, and on the issue thus framed

the cause was heard and determined.   Under these circumstances, it must be held that the district court of that district was possessed of ample authority to render judgment in the controversy.   This question has been fully settled by a recent adjudication of the supreme court.   *Fletcher v. Stowell*, 17 Colo. 94.   According to that decision, there is no territorial limit to the civil jurisdiction of the district court.   If the action is brought in the wrong county, the only remedy is to apply to the court for a change of venue, for which good cause must be shown.   There is an entire absence of any showing of this description, and, according to that authority, the district court where the case was tried had full jurisdiction to hear and determine it, and its judgment must be held binding, unless there be some other good reason for setting it aside.

The only other objection urged by counsel is that it is not in accordance with the testimony.   The rule in such a case is clear, definite, and well settled.   No judgment will be disturbed upon this ground unless the record shows that it comes clearly within the exception to the general rule.   As the case is presented to this court, it is impossible to say that it comes within the exception.   It was rendered upon conflicting testimony, and on this evidence the court rendered a judgment establishing the line between the two counties; and, while it is possible this court might have reached another conclusion if originally called upon to determine the question, yet it is not clear that the judgment is so unsupported by the evidence as to permit this court to depart from the settled rule governing such cases.   Perceiving no error in the record which calls for a reversal of the judgment, it will be affirmed.

*Affirmed.*