PEARSE, PLAINTIFF IN ERROR, v. BORDELEAU, DEFENDANT IN ERROR.

1. VENUE.

An action to recover on a money demand growing out of a contract between the parties shall be tried in the county in which the defendants, or any of them, reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county, subject to the power of the court, upon good cause shown, to change the place of trial.

2. VENUE—JURISDICTION.

In such an action, service upon a defendant in a county other than that in which the action is commenced, does not give the court jurisdiction without the acquiescence of the defendant. Where an application, sufficient in form, and uncontradicted, was made for a change of place of trial, the court had jurisdiction of the cause only for the purpose of ordering its removal to the proper county.

3. JURISDICTION ON APPEAL.

The county court having lost jurisdiction of the cause by reason of a
  proper application for a change of place of trial, the authority of
  the district court, when the cause came to it by appeal, extended
  no further upon the re-submission of the motion than to order a
  change of venue to the proper county. Failing to do that, all of
  its acts in entertaining and determining motions and rendering
  final judgment are absolutely void.

*Error to the District Court of San Juan County.*

Mr. W. H. GABBERT and Mr. R. D. THOMPSON, for plain-
tiff in error.

Mr. H. O. MONTAGUE and Mr. GEO. H. BARNES, for de-
fendant in error.

THOMSON, J., delivered the opinion of the court.

There is only one question requiring consideration in this
case, and that arises upon the refusal of the court below to
change the place of trial on the application of the defendant.

On the 14th day of June, 1890, Joseph Bordeleau com-
menced his action in the county court of San Juan county,
against J. N. Pearse, W. H. Emerson and George Miner, to
recover on a money demand growing out of a contract be-
tween the parties. As shown by the return of the sheriff,
summons was served upon Pearse in San Miguel county.
The other defendants were not found. On July 12, 1890,
and before answer filed, defendant Pearse made application
to the court, supported by his affidavit, to change the place
of trial, for the reason that, at the time of the commencement
of the action, and at the time of making the application, the
defendant, Pearse, was a resident of the county of San Mig-
uel, and the plaintiff a resident of San Juan. What, if any,
objection was made to the application does not appear. It
seems to be sufficient in form. On the 31st day of August,
1890, the motion was heard by the court and denied; and
judgment was afterwards given for the plaintiff. The de-

fendant appealed to the district court of San Juan county. In that court the motion for a change was again heard and again overruled, with leave to defendant to renew his application. A new application was accordingly made, substantially the same as the first, which was met by a counter-motion of plaintiff to retain the action in San Juan county, on the ground that the convenience of witnesses would be promoted by the retention. The court overruled this second application, and rendered judgment against the defendant. The case comes here on error.

Section 27 of the Code provides, that in personal actions such as this, the cause shall be tried in the county in which the defendants or any of them may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county; and by the terms of section 28, the court may, on good cause shown, change the place of trial where the county designated in the complaint is not the proper county. Under the provisions of the statute, in a case like this, service upon a defendant in a county other than that in which the action is commenced, does not give the court of the latter county jurisdiction without the acquiescence of the defendant; and when that fact becomes known to the court in the method prescribed by law, it is error to retain the cause and proceed to an adjudication. When, therefore, the application for the change was made in the county court of San Juan county, it being sufficient in form and uncontradicted, that court had jurisdiction of the cause only for the purpose of ordering its removal to the proper county. This precise question has been determined by this court in *Smith v. People*, 2 Colo. Ct. Ap., 99. It is true that in that case, the action was concerning real property, situate in a county different from that in which the cause was commenced, and as to its place of trial was governed by section 25 of the Code; but in so far as the designation of the venue is concerned, the language used in that section, and that used in section 27, are the

same.   Both are equally mandatory, and are to be construed alike.

In *Smith v. People, supra,* Reed, J., in delivering the opinion of the court, says : " By the bill of complaint it was shown that the property in controversy was real property, situate in Rio Grande county.   On the 25th of April—two days after presenting the complaint—a motion was made to change the venue to that county.   If, prior to that time the court had jurisdiction, was it not by such application deprived of all jurisdiction to proceed?   By section 25 of the Civil Code, it is declared that such action shall be tried in the county in which the subject of the action, or some part thereof, is situate.   It was apparent upon the face of the complaint that it pertained to real property in Rio Grande county, hence, that the district court of Arapahoe county could not retain jurisdiction for adjudication after the motion to change was made."   See also, *Wallace et àl., v. Owsley,* 27 P. R. 790.

As the county court had lost its jurisdiction, the district court acquired none against the consent of the defendant, for any purpose of adjudication of the merits of the controversy.   When the cause came to it by appeal, its duty was to order a change of venue to the county court of San Miguel county, on the re-submission of the original motion filed in the county court.   Its authority extended no further. And failing to do that, all of its acts in entertaining and determining motions, and rendering final judgment, are absolutely void.

The judgment of the court below will be reversed, and the cause remanded, with instructions to change the place of trial from the district court of San Juan county to the county court of San Miguel county.

                                                              *Reversed.*