WASSON, PLAINTIFF IN ERROR, v. HOFFMAN, TREASURER, ETC., DEFENDANT IN ERROR.

1. VENUE.

The failure of the plaintiff to commence his action in the proper county is not a jurisdictional or fatal defect. The defendant's remedy, in such a case, lies in an application to the court, on cause exhibited, to change the place of trial to the proper county.

2. SAME—DEMURRER.

That an action was commenced in the wrong county is not a ground of demurrer.

3. PRACTICE—CUMULATIVE REMEDY.

The statute which gives to a claimant the right to present his claim to the board of county commissioners and, on an adverse finding, to appeal to the district court does not provide an exclusive remedy; the party aggrieved has a right to pursue it, or, in a proper case, to bring his action at law or in equity.

*Error to the District Court of Rio Grande County.*

Mr. FRANK C. GOUDY and Mr. CHARLES M. CAMPBELL, for plaintiff in error.

No appearance for the defendant in error.

BISSELL, P. J., delivered the opinion of the court.

Wasson filed a bill in the district court of Rio Grande county against the treasurer of the county of Hinsdale to restrain the collection of certain taxes, charged to have been illegally assessed, which the treasurer was proceeding to enforce. It appeared from the complaint that Wasson resided in Rio Grande county, owned the property on which the taxes had been levied, and that it was subject to taxation in the county of his residence. It was alleged that it had been assessed in Rio Grande, and that the taxes were paid. The defendant demurred to the complaint on thé ground that since he was sued as treasurer he ought to have been sued in Hinsdale county, and on the further ground that the plaintiff's remedy lay in an application to the board of com-

missioners to remit the taxes. He did not attack the bill for want of substance, and what has been stated is enough to exhibit the points in controversy.

The first proposition was clearly settled by the supreme court in the case of *Fletcher et al. v. Stowell*, 17 Colo. 94, where it was decided that the code relating to the venue of actions does not operate to restrict the right of the plaintiff to bring the suit wherever he may elect. It was adjudged that a failure of the plaintiff to follow the statute could not be regarded as a jurisdictional or a fatal defect. In other words, the plaintiff may bring the action where he chooses, and the defendant's only remedy lies in an application to the court on cause exhibited to change the case to the proper county. What might be the effect of a refusal of the court to make the transfer, if a proper ground were stated and a sufficient showing exhibited, is not involved in the present inquiry because the treasurer did not avail himself of his rights in this particular. He simply demurred because the suit was brought in the wrong county, and the court evidently decided that the mistake was a jurisdictional one which would defeat the action. It is held otherwise, and the court therefore erred in its ruling respecting this matter. *Smith v. The People*, 2 Colo. App. 99.

The other ground of demurrer is equally untenable. This court, in the case of *The County Commissioners v. Locke*, 2 Colo. App. 508, speaking by the writer of the present opinion, held that the statute which gave to a claimant the right to present his claim to the board of county commissioners, and on an adverse finding to appeal to the district court, did not provide an exclusive remedy, but "rather a concurrent remedy, and the party aggrieved has a right to pursue it, or in a proper case to bring his action at law or in equity, as he may be advised."

These are the only two questions presented by the record. The court erred in sustaining the demurrer, and the judgment must therefore be reversed, and the cause sent back for further proceedings.

*Reversed.*