WOODWORTH ET AL. V. HENDERSON.

28    381
f38    72

1. CORPORATIONS—FAILURE TO FILE ANNUAL STATEMENT—VENUE.

The proper place for trial of an action against the directors of a corporation to recover the statutory penalty for failure to file the annual statement required by section 491 Mills Ann. Stats. is in the county where the corporation had its general office and carried on its principal business and where the annual statement should have been filed.

2  VENUE—APPLICATION TO CHANGE PLACE OF TRIAL—JURISDICTION

Where an action is brought in a different county than that fixed by the code as the proper place of trial and an application is made in due time for a change of the place of trial to the proper county, the application ousts the court in which the action is pending of jurisdiction except for the purpose of granting the application and any further proceeding by such court is void.

*Error to the County Court of Chaffee County.*

Mr. SAMUEL H. KINSLEY and Mr. ROBERT BONYNGE for plaintiffs in error.

Mr. C. M. CAMPBELL and Mr. G. A. WALKER for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The defendants (plaintiffs in error here) were directors of a domestic corporation which had its general office at, and carried on its principal business in, the city of Colorado Springs, El Paso county, Colorado. The plaintiff below (defendant in error) brought this action in the county court of Chaffee county for the recovery of a statutory penalty imposed upon defendants as directors by section 491 Mills Ann. Stats. Gen. Stats. 1883, sec. 252 for the failure of the corporation to file its annual statement, as required by that section.

Within the proper time the defendants presented their verified application for a change of the place of trial to the county

court of El Paso county, upon the ground that the action being for the recovery of a penalty imposed by statute, the proper place for its trial was in the county where the cause of action arose and where they were served with process.

The showing made was uncontradicted, and therefrom it appears that at the time of the beginning of the action and when summons was served upon them in El Paso county, defendants were all residents of that county, and the penalty was incurred by reason of a failure to file in that county the annual statement in question.

The action, whether it be one *ex contractu* or *ex delicto,* comes under the provisions of section 26 of the code of civil procedure which, *inter alia,* provides that an action for the recovery of a penalty or forfeiture imposed by statute shall be tried in the county where the cause of action arose. The county court of Chaffee county was wrong in overruling this application. When it was filed the jurisdiction of that court was ousted save only for the purpose of granting the application and ordering the cause transferred. All subsequent proceedings therein were void. *Pearse v. Bordeleau,* 3 Colo. App. 351; *Brewer v. Gordon, 27* Colo. *111* (59 Pac. Rep. 404); *Campbell v. Securities Co.,* 12 Colo. App. 544. To the same effect are other cases decided by this court and the court of appeals.

Counsel for defendant in error, in a somewhat involved but ingenious argument, seeks to bring the case within the provisions of section 27 of the civil code, one clause of which provides that an action for tort may be tried in the county where the tort was committed. This argument is wholly inapplicable to the facts of this case, for, if it be conceded that the present action is one of tort, nevertheless it is of that species expressly provided for in section 26. Besides, according to the allegations of the complaint, the wrong declared upon, even if within the general class described in section 27, was committed in El Paso county.

A variety of questions, to which numerous authorities are cited,

are discussed by learned counsel for defendant in error, but they
are not germane to the question that is before us.

The judgment of the county court is reversed and the cause re-
manded with instructions to that tribunal to vacate its judgment,
and enter an order for the transfer of the cause to the couny
court of El Paso county.

*Reversed.*