[No. 2099.]

SMITH ET AL. v. THE POST PRINTING AND PUBLISHING COMPANY.

1. **Change of Venue—Appearance—Filing Demurrer—Waiver.**

A defendant entitled to remove a cause for trial to another county on the ground that he resides and was served with summons in such other county, does not waive his right of removal

by filing a demurrer to plaintiff's complaint at the time he presents his application for removal.

**2.   Change of Venue—Time for Filing Application.**

An application to remove a cause to another county for trial on the ground that defendant resides and was served with summons in such other county is in apt time if filed within the time fixed by the summons for defendant to appear and plead.

**3.   Change of Venue — Application — Negativing Exceptions—Pleading.**

Upon motion to change the place of trial of a cause on the ground that defendant resides and was served with summons in the county to which the change was sought, it is not necessary that the application should negative all the exceptions provided in the code whereby such change is not required, if the complaint affirmatively shows that the cause does not come within any of the exceptions.

**4.   Contracts—Guaranty—Goods Sold and Delivered.**

An action by a publishing company against a party who contracted for a route for the circulation and sale of its paper and against other parties who guaranteed the contract of the circulator, is an action upon the guaranty contract, and not an action for goods sold and delivered, and the code provision authorizing an action for goods sold and delivered to be brought in the county where the plaintiff resides or where the goods were sold does not apply.

**5.   Contracts—Guaranty—Place of Trial.**

The fact that a contract of guaranty was executed and dated in the county where suit was brought upon it does not make it a contract to be performed in that county so as to deprive the defendants of the right to remove the cause for trial to the county of their residence.

*Appeal from the County Court of Arapahoe County.*

Mr. GEORGE S. ADAMS, Mr. PETRUS NELSON and Mr. T. M. ROBINSON, for appellants.

Mr. JAMES H. BROWN and Mr. ANDREW W. GILLETTE, for appellee.

WILSON, P. J.

Defendant Robert F. Smith contracted with the plaintiff printing and publishing company for a route for the circulation and sale of the Denver Evening

Post, a publication of plaintiff. The contract was in writing, and attached to, or endorsed upon it was the following, also in writing, signed by the other three defendants: ''The Post Printing and Publishing Company. You are hereby authorized to furnish Robert F. Smith copies of your paper on terms above stated, the undersigned agreeing to become responsible to you for the prompt payment of all bills for such papers, and in case payment is not made each month as specified above, to pay The Post Printing and Publishing Company the arrears upon demand.''

Plaintiff claimed that Smith had violated the contract by failing to make payment in accordance with its terms, and instituted this suit against him and his guarantors or sureties for the recovery of a balance alleged to be due for papers furnished. The suit was begun in the county court of Arapahoe county. Summons issued to and was served upon all of the defendants in Boulder county, on April 4. On May 3, the defendants filed a motion to change the place of trial to Boulder county, which they claimed was the proper county for trial under the provisions of code section 27, because as shown by affidavit and not disputed, the defendants were at the commencement of the action and ever since had been residents of said county of Boulder; that the service of summons was had upon them in said county of Boulder, and that the contract upon which the action was brought was to be performed in said county of Boulder. On the same day, defendants also filed a general demurrer to the complaint.

It is well settled that the defendants' motion for change of place of trial was well taken, and that the court had no discretion except to allow it, unless one or both of the contentions of the appelle in support of the ruling of the court are correct.—*Smith v. The People,* 2 Colo. App. 99; *Pearse v. Bordeleau,* 3 Colo.

App. 351; *D. & R. G. R. R. Co. v. Cahill,* 8 Colo. App.
158.   The position of plaintiff is, first, that the de-
fendants waived their right to the statutory privilege
of changing the place of trial by filing a demurrer to
the complaint, and thereby entering a general appear-
ance; second, that the showing was not sufficient, be-
cause the affidavit did not negative all of the provi-
sions of code section 27, whereby a county other than
that in which the defendants resided and were served
with process, might be a proper place of trial.   We
think neither position of the plaintiff is tenable.
Neither upon reason or principle was it necessary as
contended that defendants should have appeared only
specially for this motion in order to have saved their
rights.   A special appearance is resorted to and nec-
essary where a defendant denies that the court has
secured jurisdiction over his person by reason of
some defect in the process of the court, or of improper
service.   In such cases the defendant is in the posi-
tion of one saying, the court has not secured jurisdic-
tion over me, and hence I cannot be compelled to ap-
pear in the court to make any pleading whatever.   The
only object of process being to give a defendant no-
tice, and compel him to come into court and defend,
it is obvious that if he voluntarily comes in, even
under a defective summons or with defective service,
makes a general appearance and enters upon his de-
fense, he thereby submits himself to the jurisdiction
of the court, and the court having jurisdiction of the
subject-matter, he thereby waives and ought to waive
the privilege of thereafter objecting to the insuffi-
cient process or service.   An entirely different prop-
osition is here involved.   In this state, the jurisdic-
tion of courts of record is co-extensive with the boun-
daries of the state.—*Fletcher v. Stowell,* 17 Colo. 94.
A suit may be instituted in a court of record in any
county, and summons issued to and be served in any

other county of the state, and the service will be good, and the court will thereby acquire full and complete jurisdiction of the person. In certain designated cases, however, the code provides that even though the court has acquired complete jurisdiction of the person, and has also jurisdiction of the subject-matter, the defendant may come in and upon application in apt time as a matter of right, divest the court of its jurisdiction and compel the removal of the cause to another county for trial. Such is the case presented here. The county court of Arapahoe county acquired full and complete personal jurisdiction of the defendants by the service of process upon them in Boulder county. This presents an entirely different case from those in the Colorado reports to which we are referred by counsel, wherein the jurisdiction is attacked. In those cases it was held that if the process or the service was insufficient, it was not effective to bring in the defendant and compel him to plead within any time, provided that he did nothing which the law said should amount to a voluntary acknowledgment of the sufficiency of the process or of the service, and a waiver of all right to attack it. Here the service of summons was fully as effective to compel the defendants to appear and plead as if the summons had been issued from the Boulder county court. In a number of cases where this code section has been under consideration, it has been said that a defendant to avail himself of this privilege to change the place of trial, should appear and move for it in apt time, but nowhere has it been held what is apt time. Without undertaking to fix a definite and specific period of time, we think it sufficient to say that in our opinion a party is not too late who seeks to avail himself of the privilege before the expiration of the time within which he is by the summons required to appear and plead, he not having prior

thereto by pleading to the merits or otherwise, done any act from which an intention to waive the express statutory privilege as to the place of the trial which must subsequently occur, could be reasonably presumed, or which could be held to constitute a waiver in fact. The mere entering of a general appearance and filing of a demurrer to the complaint, contemporaneous with his motion, should not defeat his right. The latter act has no bearing whatever upon his right to invoke the privilege allowed him by statute and indicates no intention to waive it, because the court has full jurisdiction, and by virtue of the summons already served he is compelled to appear and plead at some time, whether the place of trial is changed or not.

*Smith v. The People, supra,* was a case precisely similar. In that as in this, the motion to change the place of trial and a demurrer were filed at the same time. It was there held that the court erred in denying the motion, and for that cause there was a judgment of reversal. That holding is conclusive of this case.

The second contention of plaintiff is equally unsound in our opinion. Conceding, but not deciding, as its counsel claim, that in an application of this kind a party should negative all of the code provisions whereby the place of trial need not be changed, even though the defendants were residents of, and served with process in another county, in this instance it appeared upon the face of the complaint (except as to the place where the contract was to be performed, which was covered by the affidavit in support of the motion), that the case did not come within any of the exceptions. This could properly be considered by the court, and acted upon if deemed sufficient.—*Smith v. People, supra; Campbell v. Securities Co.,* 12 Colo. App. 545. If the facts appearing

upon the face of the complaint show that the case is not one included in any of the exceptions, we see no reason either in common sense or law, why the moving party should be compelled to reiterate them in an affidavit.

Counsel for plaintiff claim, however, that this was a suit not upon a contract, but for goods sold and delivered, and therefore came within one of the exceptions of the code section. We cannot agree with them. If the suit had been against Robert F. Smith alone, seeking to recover a balance due for papers sold and delivered to him, there might possibly have been some ground for this contention. There is none, however, when the other defendants are joined with him. As respects them, there can be no question but that the suit is upon a contract,—their written contract of guaranty.

Counsel suggest that because the contract was dated at Denver, the court was authorized to conclude that the contract was to be performed in Arapahoe county, and hence that county would under the statute be a proper place of trial. A recent decision of our supreme court is directly in point to the contrary, the contract itself not specifically providing a place for its performance.—*Brewer v. Gordon*, 27 Colo. 112.

For these reasons, we think the court erred in denying the motion to change the place of trial, the case clearly coming within the provisions of the code section. A sufficient showing having been made, the court had no discretion other than to grant the motion. It had no power after it was filed, to pass upon the demurrer, or to do any act in the premises except to grant the change.

The judgment will be reversed and the cause re-

manded, with instructions to the court to transfer the cause to the proper court in Boulder county.

———————              *Reversed.*