[No. 4471.]

THE PEOPLE EX REL. LACKEY v. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT.

1. **Divorce—Place of Trial.**

The provision of section 27 of the code, that in certain circumstances civil actions shall be tried in the county of the defendant's residence applies to actions for divorce.

2. **Divorce and Alimony—Change of Place of Trial—Appearance—Waiver.**

In a suit for divorce plaintiff applied for temporary alimony and served notice on defendant of the time the application would be heard. The day preceding the one set for hearing the application defendant by his counsel entered a general appearance and procured the postponement of the hearing for three days and on the following day filed a motion to change the place of trial to the county of his residence and in which he was served with summons. The motion to change the place of trial was the first pleading filed by defendant in the case. Held that the motion was in apt time and that defendant had not waived his right to have the place of trial changed to the county of his residence.

**3.  Practice—Change of Place of Trial—Jurisdiction.**

Where an application for change of place of trial is made by a defendant based upon a ground which entitles him to the change as a matter of right, the court to which it is addressed has no discretion except to grant the application, and is ousted of jurisdiction to proceed further with the cause than to enter the order of removal.

**4.  Divorce—Change of Place of Trial—Prohibition.**

Where a defendant in a divorce suit made application for a change of the place of trial to the county of his residence under circumstances which entitled him to the change as a matter of right, and the application was denied, the supreme court will issue a writ of prohibition to prevent the court denying the change from proceeding further in the cause and directing that all proceedings had in excess of jurisdiction be quashed and that an order be entered removing the cause to the proper county, notwithstanding the erroneous action of the court in denying the change of venue was reviewable on appeal or writ of error.

## Original Proceedings in Prohibition.

Mr. CALVIN E. REED and Mr. FRED. A. SABIN, for petitioner.

Mr. GUY LEROY STEVICK, for respondent.

Mr. JUSTICE GABBERT delivered the opinion of the court.

The wife of relator filed her petition for divorce in the district court of Arapahoe County.   He moved to transfer the cause to the district court of Otero county, upon the ground that this was the county of his residence.   The motion was denied, and proceedings in prohibition in his behalf were then instituted in this court.   The questions we are required to determine are:   (1) Does the provision of the code providing that civil actions in certain circumstances shall be tried in the county of the residence of the defendant apply in divorce proceedings?   (2) Did the defendant waive his right to have the case transferred?

(3) If the motion for a change should have been sustained, should the writ of prohibition issue? These several questions will be considered in the order named, and in discussing them the material facts bearing upon each will be stated.

1.   Plaintiff based her right to a divorce upon the ground of extreme cruelty, and alleged that she was a resident of the county of Arapahoe. The summons and complaint were served upon the defendant in Otero county. The petition was filed January 29, 1902, and February 5, following, defendant filed his motion for a change of the place of trial, alleging that he was a resident of Otero county. The fact of his residence, or the place where the summons and complaint were served are not controverted. Section 6, of the Divorce Act, Laws 1893, 236, provides that suits for divorce shall only be brought in the county in which the plaintiff or defendant reside, or where the defendant last resided. Section 2 of the act provides that like practice and proceedings shall be had in divorce cases as are had in other civil cases, and in accordance with the requirements of the civil code, except as expressly modified or provided in the act. This provision clearly contemplates that all the provisions of the code which are applicable shall control in the trial and disposition of divorce cases, except as otherwise provided in the divorce act itself, either expressly or by necessary implication.—*Eickhoff v. Eickhoff*, 27 Colo., 380. The Civil Code, sec. 27, provides that all civil actions, except those depending upon the *situs* of the subject matter of controversy, or where the cause or some part thereof, arose, shall be tried in the county in which defendant may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county, subject to the power of the court to change the place of trial for

certain specified reasons. No territorial limit is fixed by the constitution defining the jurisdiction of the district court, and the civil code has seemingly recognized that actions were so far transitory in their nature that they might be brought in any court having jurisdiction of the subject matter and the character of the action commenced. *Fletcher v. Stowell*, 17 Colo., 94; *Board v. Board*, 2 Colo. App., 412; *Wasson v. Hoffman*, 4 Colo. App., 491; *D. & R. G. R. R. Co. v. Cahill*, 8 Colo. App., 158; *Forbes v. Board*, 23 Colo., 344.

The legislature, however, by the provision under consideration intended to limit this right, and imposed a limitation as to the forum in which the action should be commenced.—*Warren v. Warren*, 100 Cal., 11. Whatever reasons might be advanced for this limitation is wholly immaterial, for independent of these considerations, the legislature undoubtedly had the power to change the usual rule in civil actions, and provide that only certain forums determined by the residence of the parties should take jurisdiction of divorce proceedings by their commencement. This, however, does not change the code provisions with respect to the place of trial, but, on the contrary, in view of the fact that the divorce act provides the civil code shall apply, except as expressly modified by its own provisions, the mandate of the act with respect to where actions for divorce shall be brought must be read in connection with those code provisions. *Warren v. Warren, supra; Evans v. Evans*, 105 Ind., 204; *Powell v. Powell*, 104 Ind., 18.

Any other construction would inject into the act a limitation as to the place of trial wholly unwarranted by any express or implied provisions. In fact, if it were held that a defendant in a divorce action is not entitled to the right to have the case tried in the county of his residence, when the condi-

tions mentioned in sec. 27 of the code exist, it would be equaly as logical to hold that the other provisions of the code relative to a change of venue for the convenience of witnesses or the prejudice of the judge were not applicable.

In the California case above cited the court had under consideration a provision of the civil code which directed: "A divorce must not be granted unless the plaintiff has been a resident of the state for one year, and of the county in which the action is brought three months next preceding the commencement of the action." While the language employed is different from the provisions of our divorce act as to where an action of this character must be commenced, it is equally as mandatory on this subject, because a party could not commence an action in any county except the one of his residence. Notwithstanding this provision the court held that it must be read in connection with the sections of the code providing for the place of trial of civil actions, and said: "The former is a limitation as to the place for the commencement of actions of divorce; the latter provide for the place of trial."

*Walton v. Walton,* 96 Tenn., 25, cited by counsel for respondent, is not applicable. The court in that case had under consideration the law on the subject of divorce, which provided: "The bill may be filed in the proper person and name of the complainant in the circuit or chancery court of the county or district where the parties resided at the time of their separation, or in which the defendant resides or is found, if a resident, but if a non-resident or convict, then in the county where the applicant resides." It appeared from the facts that the defendant was a resident of the state, not a convict, and not being found in any other county, it was held that the bill should have been filed either in the county in which the defendant resided, or in which the parties re-

sided at the time of the separation, and as this was not done, the court in which it was filed had no jurisdiction of the case. This is in harmony with our own views, that the designation of the county in which actions for divorce shall be brought as determined by the residence of the parties, is a jurisdictional limitation as to the courts in which such actions shall be commenced.

In the early Indiana cases cited by counsel for respondent, and especially *Musselman v. Musselman,* 44 Ind., 106, it was held that a suit for divorce was not a civil action, within the meaning of the code provisions relating to a change of venue in civil cases. That case, however, has been expressly disapproved and overruled in *Evans v. Evans, supra,* where, notwithstanding the previous holding in the Musselman case, it was held that a divorce proceeding has all the requisites of a civil action as defined by the civil code, in the sense that the provisions of the latter are applicable and controlling, except as modified by the divorce act. True, in that case the application for a change of venue was based upon the ground that the appellant could not have a fair and impartial trial in the county in which the suit was commenced; but if the code provisions on the subject of a change for this ground are applicable, it would logically follow that other provisions on the subject should also control.

*Pfueller v. Superior Court,* 44 Pac., 123, a case decided by the supreme court of Washington, appears to support the contention of counsel for respondent, but the decision rendered was by a divided court. Whether or not the conclusion announced is sound depends upon a construction of the statutes of that state, and could only be regarded an authority in so far as the statutory provisions construed are similar to our own, or of a character which would uphold the claim that the requirement of the divorce

act as to where the suit shall be commenced impliedly deprives the defendant of the right to have the cause tried in the county of his residence. However this may be as to the divorce act of Washington, the statutes of this state are not susceptible of that construction.

2. At the time the action was commenced plaintiff also filed a motion for temporary alimony, and caused a notice to be served on the defendant that this application would be heard on February 5. On the day preceding, the defendant entered a general appearance by counsel, and at his request the application was continued until February 8. The right of a defendant to a change of a place of trial upon the ground of residence, is a personal privilege which may be waived by not applying in apt time. The court had full and complete jurisdiction of the defendant by virtue of the service of the summons and notice of application for temporary alimony, and his appearance before moving for a change of place of trial was in no sense a submission to the jurisdiction of the court, because it already had jurisdiction, and is only material in so far as it may be construed to indicate an intention to waive the privilege which he afterwards sought to assert.—*Smith v. Post Pub. Co.*, 17 Colo. App.; 68 Pac., 119. The right of a defendant to a change of place of trial upon the ground of residence is one which, when the showing is in compliance with the code, the court to which it is addressed must grant without discretion, unless, as suggested, it has been waived. *Smith v. People*, 2 Colo. App., 99; *Pearse v. Bordeleau*, 3 Colo. App., 351.

What is considered apt time must be determined by the circumstances of each particular case in which the question arises. While it is true the relator in this instance entered a general appearance, the day preceding the application to change was filed, and

that at his request the hearing on the motion for temporary alimony was postponed, the plaintiff was in no manner prejudiced. Prompt notice of the intention to apply for the change appears to have been given her counsel. This application was the first pleading filed in his behalf. It was heard at the instance of relator, before the motion for alimony was considered, and the latter was submitted to the court entirely upon affidavits; so that, in this instance, the plaintiff incurred no expense by the action of the defendant in not filing his motion for a change at the time his counsel entered an appearance for him, and in the circumstances of this case, the application for the change was made in apt time.

3. Where an application for a change of place of trial is made by a defendant based upon a ground which entitles him to the change as a matter of right, the court to which it is addressed has no discretion except to grant the application. In such cases the court is ousted of jurisdiction to proceed further with the cause than to enter the order of removal.— *Pearse v. Bordeleau, supra.* It follows, from what has already been said in discussing the two preceding questions, that the respondent court is divested of jurisdiction to hear and determine this cause, and this brings us to the last question to consider, the determination of which depends upon whether the relator should be remitted to his remedy by appeal or writ of error. The writ of prohibition is not one of right, but whether or not it shall be granted rests in the sound discretion of this court. It is a power conferred by he constitution by means of which, when necessary, supervisory control may be exercised over inferior tribunals, acting without or in excess of their jurisdiction. Although the questions involved upon which the writ is asked may be reviewed on appeal or error, this is not conclusive against the right as to the writ if in the judgment of

the court, such remedies are not plain, speedy and adequate. *People v. District Court,* 26 Colo., 386; *McInerney v. City of Denver,* 17 Colo., 302; *People v. District Court,* 29 Colo., 83, 66 Pac., 1068.

If the respondent court is permitted to proceed with the trial of this cause, the relator, if he wishes to present his defense, must be at the expense of traveling from the county of his residence to a distant one, as well as defraying expenses of witnesses on his behalf as well as that of the plaintiff, and in the end, if the judgment should be adverse, would be entitled to have it reversed solely upon the one question of the error of the court in refusing a change of place of trial to the county of his residence. Whether or not the judgment against him on the merits might be correct would be immaterial, for even if it was, it could not stand. It is manifest, therefore, in the circumstances of this case, that the relator has no plain, speedy and adequate remedy at law to correct the errors already committed and which the trial court will further commit by proceeding to try the questions involved in the divorce proceedings on the merits.

Further than this, and a very strong reason why the writ should issue, is, that the suit is one for a divorce, in which the judgment rendered may affect the marital relations between the parties, or those they may assume in the future.

In reaching the conclusion that the writ should issue, we have not overlooked the proposition advanced by counsel for respondent that the district court had jurisdiction to determine the motion for a change, and that in overruling this motion, if this is error, it has merely committed one in the exercise of the jurisdiction conferred upon it by law. If this were the only question involved in this proceeding, the proposition would be unanswerable, but the case does not call for, or admit of, the application of the

principle frequently announced, that proceedings in prohibition can not supersede the ordinary functions of an appeal or writ of error.   It is essentially different from those cases where we have applied this doctrine.   The district court now proposes to proceed with the trial of a case of which it has no further jurisdiction, and it is to restrain this action that these proceedings were instituted.   In other words, while the court originally had jurisdiction of the subject matter of the action, the parties, and the questions involved in the motion for a change of venue, by denying this motion it assumes an authority and jurisdiction to try the case upon its merits which it does not possess.   The difference between cases where we have held that errors complained of would not be reviewed in prohibition because reviewable on error or appeal, and those in which the proposition is not applicable, is clearly pointed out in *People v. District Court,* 28 Colo., 161; 63 Pac., 321. It would seem idle to require or permit the parties to try their cause in a forum, without jurisdiction. For the protection of the plaintiff, as well as the defendant, the cause should be heard by a court the authority of which can not be successfully attacked.

Ordinarily, prohibition only lies to prevent the lower court from proceeding further with the cause, but where this would not give the relator the relief to which he is entitled, it may direct that all proceedings had in excess of jurisdiction be quashed and the order entered which should have been.—*People v. District Court,* 23 Colo., 466; *People v. District Court,* 28 Colo., 161, 63 Pac., 321.

The writ will issue, directing the respondent court to proceed no further with the cause than to set aside the judgment for temporary alimony and suit money, and enter an order transferring the cause to the district court of Otero county.

*Writ issued.*