[No. 5130.]
[No. 2720 C. A.]

ASHTON v. GARRETSON.

**Practice in Civil Actions—Change of Venue—Defendant's Residence.**

Section 27 of Mills' Ann. Code provides, inter alia, that "In all other cases, the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where plaintiff resides when service is made on the defendant in such county; * * * actions upon notes or bills of exchange in the county where the same are made payable"; and section 29 provides, inter alia, that the court may, on good cause shown, change the place of trial when the county designated in the complaint is not the proper county. Held, that where the defendant sued on· his promissory notes lived in a county other than that in which the action was commenced, and the notes were not made payable in such county, upon proper showing he was entitled to a change of venue to the proper county; and that the court was thereby divested of jurisdiction except for the purpose of making the order of removal.—P. 92.

*Error to the District Court of Arapahoe County.*
· *Hon. Frank W. Owers, Judge.*

Action by Philip Garretson against Scott Ashton. From a judgment in favor of plaintiff, defendant brings error.                    *Reversed.* · ·

· Mr. RALPH HARTZEL and Mr. JAMES C. STARKWEATHER, for plaintiff in error.

Messrs. BICKSLER, McLEAN & BENNETT, for defendant in error.

This action was commenced in the district court of Arapahoe county July 5, 1891, upon two promissory notes dated and executed at the town of Victor, Teller county, Colorado. Summons was served upon plaintiff in error, the defendant below, the 15th day of July, 1891, at Victor, in the county of Teller, state of Colorado. On August 2 the defendant filed an answer, and at the same time an application for change of venue, supported by affidavit, to the effect that the notes sued on were executed at the town of Victor, and county of Teller, and that the defendant at the time of the service of the summons was a *bona fide* resident of said county. On March 10, 1892, the application was denied, and thereafter judgment rendered against defendant upon the pleading.

Section 27 of the code provides, *inter alia*, "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county;   *   *   *   actions upon notes or bills of exchange in the county where the same are made payable."

Section 29 provides: "The court may, on good cause shown, change the place of trial in the following cases: First. When the county designated in the complaint is not the proper county."

Mr. JUSTICE GODDARD delivered the opinion of the court:

The jurisdiction of our district courts is co-extensive with the state, but when an action is brought in a county other than that in which it should be tried, the defendant may avail himself of his right to change the venue to the proper county.—*Fletcher et al. v. Stowell,* 17 Colo. 94; *Wasson v. Hoffman,* 4

Colo. App. 491. And upon a proper showing the duty of the court is mandatory, and its jurisdiction is divested except for the purpose of making the order of removal.—*D. & R. G. R. R. Co. v. Cahill,* 8 Colo. App. 158; *Smith v. The People,* 2 Colo. App. 99; *Pearse v. Bordeleau,* 3 Colo. App. 351.

The language of section 27, above quoted, expressly provides that all cases, unless otherwise provided, *shall* be *tried* in the county of defendant's residence, unless service of summons is made upon defendant in the county where plaintiff resides, with an exception, among others, that actions upon notes or bills of exchange may be tried in the county where the same are made payable. The notes in question were not made payable in the county of Arapahoe, and therefore did not come within the exception last mentioned.

In the circumstances of this case, the defendant, having made his application in apt time, had the right to have the action tried in the county of his residence, and the court erred in denying his application for removal.—*People v. District Court,* 30 Colo. 123.

The cases cited and relied upon by counsel for defendant in error involved the construction of section 24 of the code of 1877, and section 28 of the code of 1883, which were materially different from the present provision on the subject, and are not applicable to the case in hand.

It is unnecessary to consider the other assignments of error since, for the reasons given, the judgment must be reversed and the cause remanded, and it is so ordered. *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.