No. 10,488.

PEOPLE, EX REL. ALLEN *v.* DENVER DISTRICT COURT, ET AL.

Decided December 4, 1922.   Rehearing denied February 5, 1923.

Petition for writ of certiorari.

## *Writ Discharged.*

1. CERTIORARI—*When Applicable.* In Colorado, certiorari will lie only for excess of jurisdiction or great abuse of discretion.
   Where a trial court has jurisdiction, but commits error, certiorari is not the remedy.

2. VENUE—*Jurisdiction of Courts.* Where a motion for change of venue is well founded, and no question of fact open, the trial court has no jurisdiction except to grant the motion.
   The supreme court has never prohibited the trial court from acting upon such a motion, but has merely prohibited it from further consideration of the case where the motion has been erroneously denied.

3. *Appearance and Answer—Effect.* The supreme court has not held that where a change of venue is granted, the defendant by appearance and answer waives his objection to the change; but has held that an appearance and defense on the merits in the original court will waive the right to a change.

4. SUPREME COURT—*Supervisory Powers.* If the supreme court assumes control of the action of an inferior court, it must have some basis for so doing.

## *Original Proceeding.*

Mr. ERNEST MORRIS, for petitioner.

Mr. W. MABRY KING, Mr. T. E. MUNSON, Mr. J. R. COEN, Mr. L. WARD BANNISTER, Mr. SAMUEL M. JANUARY, for respondents.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court of Denver granted a motion for change of venue to Logan County in a case in which the relator and his firm, Allen and Murphy, were plaintiffs and the City of Sterling, The Fidelity and Deposit Company of Maryland and Murphy were defendants. He brings certiorari and claims that the court exceeded its jurisdiction because the case under the code was properly triable only in Denver.

We do not see that there was lack of jurisdiction. The court had jurisdiction of the whole case and was, of course, the only court that had power to hear and determine the motion. Having that power it necessarily had power to determine the question either way—to grant, or deny—and it follows that its decision however erroneous was not in excess of jurisdiction. The motion was not upon any point involving discretion, therefore, since certiorari will lie in this state only for excess of jurisdiction or great abuse of discretion, the action of the court is no more than error and certiorari is not the remedy. *Dilliard v. State Board,* 69 Colo. 575, 196 Pac. 866.

True we have sustained writs of prohibition for lack of jurisdiction many times where a court has denied a motion for a change of venue which should have been granted. We have, however, merely prohibited the court, not from denying the motion, but from further consideration of the case. We have said that if the motion for change was well founded, and no question of fact was open, the court had no jurisdiction except to grant the motion. *Ashton v. Garretson,* 37 Colo. 90, 85 Pac. 831; *People ex rel. v. District Court,* 66 Colo. 330, 182 Pac. 7. It may be seriously doubted whether that statement was logically sound, yet we are now asked to go further and say that if the motion is ill founded the court has no jurisdiction over it except to deny it. This is a *reductio ad absurdum.* The proposition is that the court which has full jurisdiction of the case has no jurisdiction to determine that the grounds for change of venue are sufficient.

The writ is discharged.

*On Rehearing.*

MR. JUSTICE DENISON: The motion for rehearing urges that the decision will compel the relator either to forego his defense in the district court of Logan County or waive his right to a review of the order changing the place of trial, because, he says, this court has held that an appearance and defense on the merits in that court will waive objections to the change.

We do not find that we have so held. We have held that an appearance and defense on the merits in the original court will waive the right to a change.

If, under the argument of the relator, any court is without jurisdiction, it is the Logan court. His argument affirms the jurisdiction of the Denver court. If, as we have held, the original court, upon a well-founded motion for change, loses jurisdiction to try the case, conversely it would seem that upon an ill-founded motion the court to which the case is sent would acquire no jurisdiction; but we cannot decide that question because it is not before us.

The suggestion that the chapter of the code on certiorari and prohibition does not apply to the supreme court, works against and not for the relator, because it restricts the power of the supreme court to questions of jurisdiction only. *Leppel v. The District Court,* 33 Colo. 24, 28, 78 Pac. 682.

The suggestion that we use our supervisory powers to direct the court below what to do does not meet with our approval. If we assume control of the action of the inferior court we must have some basis for so doing, as, for example, to prevent its action without jurisdiction. See *People v. District Court,* 30 Colo. 123, 130-132, 69 Pac. 597. We have never yet, we think, by certiorari or otherwise, assumed control of any court to prevent error, but just how far our supervisory powers go we shall decide only as occasion requires.