No. 10,677.

MATTHEWS v. MATTHEWS.

Decided July 2, 1923.

Action for divorce. Findings for plaintiff set aside on petition of defendant.

*Affirmed.*

On Application for Supersedeas.

1. DIVORCE—*Setting Aside Findings—Conflicting Evidence.* On a petition to set aside findings entered on the trial of a divorce action, the evidence being in conflict, the action of the court in granting the prayer of the petition will not be disturbed on review.

2. JUDGMENT—*Fraud—Extrinsic Matters.* In proceedings to set aside preliminary findings in a divorce action, the matters alleged in

the petition considered, and held to be wholly extrinsic to the judgment.

3. DIVORCE—*Setting Aside Findings—Laches.* If a petition to set aside the findings in a divorce action is filed within the six months allowed by law, a question of laches cannot arise.

4. *Setting Aside Findings.* Regardless of the fact that a petitioner asking to set aside findings in a divorce action might otherwise be estopped to make complaint, if it appear that the case was prosecuted by means, or for purposes which are contrary to sound public policy, it is the duty of the court to set aside the findings.

*Error to the County. Court of Teller County, Hon. A. K. Jackson, Judge.*

Mr. FRANK J. HANGS, for plaintiff in error.

Messrs. ORR & LITTLE, Mr. H. T. McGARRY, for defendant in error.

*Department One.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error, the wife of defendant in error, filed suit for divorce in the county court of Teller county. The defendant was duly served, but did not appear, and default was entered against him. Findings of fact and conclusions of law in favor of the plaintiff were made and entered.

Some five and a half months later, the defendant filed his petition in the county court setting up that said findings of facts and conclusions of law were procured by the plaintiff by false testimony, and by fraud and imposition upon the court in several matters thereafter stated. A hearing was had and the findings were set aside.

It is specifically charged that the divorce action was begun at the instigation, and at the expense of one Frasier, who had obtained undue influence over the plaintiff by giving her costly presents and large sums of money to induce her to abandon the defendant, and divorce him; that said

Frasier had brought about the divorce action for the purpose of inducing the plaintiff to marry him, as soon as she could obtain her divorce; and that she had agreed to marry Frasier. There was a conflict of evidence upon these allegations; that being so, we are not at liberty to disturb the action of the court in granting the prayer of the petition.

Plaintiff in error contends that the defendant in error has not brought himself within the rule that judgments will not be vacated on a charge of fraud unless the fraud is in a matter extrinsic or collateral to the judgment. The matters above alleged in regard to the bringing of the suit, because of an arrangement with Frasier to marry upon the procurement of the divorce, is wholly extrinsic to the judgment.

Plaintiff in error further contends that the petition should be denied because of laches. The answer to this clearly is that the law allows six months for the filing of the petition, and if filed at any time within that period a question of laches cannot arise.

It is further urged that defendant in error, by his own testimony, was a party to an agreement with the plaintiff that he would not contest the case, and that, because of that fact, he is not entitled to relief in a court of equity.

It has many times been stated by this court, and others, that in actions for divorce the state itself is a party, for that reason, the rule invoked by the plaintiff in error cannot apply in this case. However the defendant might otherwise be estopped by conduct to make complaint, if, on a petition to set aside findings, it appears to the trial court that a divorce case has been prosecuted by means, or for purposes, which are contrary to sound public policy, it is the duty of the court to set aside the findings. What should be the subsequent action of the court will depend upon the evidence presented to him on the whole matter.

We are of the opinion that, the allegations of the petition being established to the satisfaction of the court, it did not err in the action which it took.

The defendant in error has moved to dismiss the writ of

error, and the plaintiff in error requests that the case be determined upon the application for a supersedeas. We have deemed it best, therefore, to pass upon the merits to the extent above indicated, and affirm the judgment. The judgment is therefore affirmed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.