No. 15,315.

PEOPLE EX REL. STANKO *v.* COUNTY COURT ET AL.
(135 P. [2d] 232)

Decided March 8, 1943.

Messrs. DAVIS & LUTZ, Mr. HAROLD F. MUDGE, Mr. M. S. GINSBERG, for petitioner.

Mr. ADDISON M. GOODING, Mr. MARVIN L. BROWN, for respondents.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

AN original proceeding in the nature of prohibition.

Petitioner is defendant in a suit for divorce instituted in the county court of Routt County. Respondents are that court and Honorable John W. Cole, the judge thereof. The complaint was filed October 26, 1942, and service of summons, as stated by her, "was made upon the petitioner at her residence, to wit: 3327 Franklin Street, in the City and County of Denver, * * *, on the 29th day of October, 1942." Petitioner field a motion, supported by her affidavit to the effect already recited, for a change of venue to the county court of the City and County of Denver. Plaintiff, as petitioner further alleged, filed an "affidavit resisting petitioner's motion." Hearing on the motion was had January 26, 1943, and denied. Showing to the purport of the foregoing having been made to us, order to show cause was duly issued.

Answering, respondents denied that petitioner was a resident of Denver, and in support of their answer set forth the affidavit of plaintiff in suit in opposition to the motion for change of venue. Respondents further alleged that hearing was had on the motion for change of venue, at which the affidavits of both of the parties already mentioned, as well as "testimony and documentary evidence * * * introduced," were considered, and, based thereon, the motion for change of venue was denied. Plaintiff's affidavit, which, so far as appears, was not controverted, reads as follows:

"That he is the plaintiff in the above entitled cause; he denies that the defendant is or was at the time of the commencement of this action, or at the time of the making of the affidavit for change of venue, a resident of or residing in the City and County of Denver, but at all said times the said defendant resided and had for a number of months prior thereto resided in the County of Routt, State of Colorado, where said action is pending.

"The parties intermarried June 18th, 1942, at Sidney, Nebraska, and on June 19th came to Steamboat Springs, in said Routt County to make their home, at which place

the said plaintiff has lived and resided for many years past; on July 5th, 1942, the defendant approached the plaintiff and stated that she was going to Denver with her sister, Gale Beeler, to visit her mother for a few days, and that she would return on the following Saturday with her said sister. About said time her sister returned but the defendant did not; and throughout the time from her said departure until the commencement of the suit the defendant wrote various and sundry letters to the plaintiff in which she expressed her intention to return home giving as an excuse for not returning reasons, among others: That she had broken her teeth; was needing medical attention; that her mother was ill and had to be cared for; that she needed money to return (which plaintiff sent her); and that upon her mother's improvement she would return. The last of said letters was written on October 24th. Said several letters from the defendant will be introduced and submitted for the examination of the court and counsel upon the hearings on the motion to change venue.

"On three different occasions during said time the plaintiff went to Denver and interviewed defendant, and on none of said occasions did she say she would not return to Steamboat Springs, but on the contrary indicated in her statements and conversations that she would and intended to return and procured money from plaintiff from time to time to take care of her immediate needs and living expenses while in Denver, and with which to return.

"At no time did she write, state or intimate that she was staying in Denver as her permanent residence or that she did not intend to or did not reside in the said County of Routt.

"At various times in October, 1942, continuing up to and including October 27, 1942, at or about the time of the commencement of this action, she applied for and obtained credit at the May Company in Denver to the amount of $91.73, and at Neusteters in Denver to the

amount of $109.13, for clothing and merchandise for herself, and obtained said credit by giving her post office address and residence at said business establishments as Steamboat Springs, Colorado, and was extended credit on the ground and for the reasons as stated by her to said establishments, that she resided in Steamboat Springs, Rout County, Colorado, with her husband, this plaintiff, and said creditors now seek to hold plaintiff responsible for said amounts.

"The said letters are numerous and voluminous and the plaintiff offers to tender them into court at any time, but does not set them forth in full in this affidavit as so doing would unnecessarily burden and encumber the records of the court, and on the hearing on said motion, as above noted, he will offer the same in evidence and will offer, if so advised, or if the court so requires, the testimony of himself setting forth in detail the several conversations and transactions with the defendant above referred to."

■■ Petitioner relies on rule 106 (4), R.C.P. Colo., while respondents rest their opposition on rules 116 and 98 (k). Considering that.this is a divorce case, we think the cited rules are without application. See, rule 81 (b), which reads: "These rules do not govern procedure and practice in actions in divorce or separate maintenance in so far as they are inconsistent or in conflict with the procedure and practice provided by the present applicable statutes."

By section 3, chapter 56, '35 C.S.A., a chapter devoted to divorce and kindred matters, it is provided that "the process, practice and proceedings shall be had in such cases as are usually had in other civil cases, and in accordance with the requirements of the Code of Civil Procedure." In a divorce case where the defendant "showed that her residence" was in a county other than in the one in which the venue was laid, we held that code section 29 (Rule 98 [c] R.C.P. Colo.) was controlling and ordered the venue to be changed. *People ex*

*rel. v. County Court,* 72 Colo. 374, 211 Pac. 102. The proceeding there was in prohibition. In *People ex rel. v. County Court,* 101 Colo. 67, 70 P. (2d) 345, and *People ex rel. v. District Court,* 30 Colo. 123, 69 Pac. 597, also divorce cases, prohibition was sought and granted.

It is significant, however, as we perceive, that in those cases the petitioner for the writ unquestionably was a resident of, and served with summons in, a county other than the one in which plaintiff at suit had instituted the action. Here, while the complaint was filed in the county court of Routt county, and service of summons was had in the City and County of Denver, the claim that petitioner was a resident of Denver at the time of the service was formally controverted in manner already stated. We think the issue thus presented was justiciable, and that the trial court properly so regarded it. We are further persuaded, that, barring error in the course of the trial court's inquiry concerning petitioner's residence, not subject to examination in prohibition, the showing of record warranted the conclusion that when the suit was instituted, as well as when summons was served, petitioner's residence was in Routt county.

Let the order to show cause be discharged.