No. 17,640.

ARTHUR J. KEMPER *v.* THE DISTRICT COURT OF THE CITY
AND COUNTY OF DENVER, ET AL.

(281 P. [2d] 512)

Decided March 21, 1955.    Rehearing denied April 7, 1955.

Mr. ANTHONY J. PASQUALE, Mr. DONALD W. MARSHALL,
attorneys for petitioner.

*En Banc.*

MR. JUSTICE LINDSLEY delivered the opinion of the
Court.

THE petitioner herein seeks original jurisdiction of this
Court under R.C.P. Colo., Rule 116, which reads as follows:

"A party seeking to invoke the original jurisdiction
of the supreme court shall set forth in his complaint the
circumstances which render it necessary or proper that
the supreme court exercise its original jurisdiction. Cases
in which the court exercises such jurisdiction shall be
governed by these rules, subject to the power of the
court to prescribe different procedure. Relief in the nature of prohibition will be not granted except in matters of great public importance. The fact that a court has

erroneously granted or denied change of venue, or is otherwise proceeding without or in excess of jurisdiction, will not be regarded as sufficient."

Counsel for petitioner contend that there is no final order herein; that the petitioner has no recourse by writ of error; and that he has no plain, speedy or adequate remedy.

Petitioner in his petition alleges that he commenced a divorce action in the district court of the City and County of Denver, State of Colorado, in the Second Judicial District, before the Honorable Joseph E. Cook, one of the judges thereof, on July 2, 1954; that on July 4, 1954, personal service was had upon the defendant; that on August 9, 1954, an interlocutory decree of divorce was awarded petitioner herein, and that defendant in said divorce action made no appearance; that on November 23, 1954, an unverified motion to set aside the interlocutory decree in said action was filed by the defendant; that the hearing on said motion was held on February 8, 1955, at which time the court set aside the interlocutory decree.

Petitioner complains of the setting aside of this interlocutory decree and contends that it violated the Colorado Revised Statutes 1953, Section 46-1-9, "* * * during such period the court, upon motion or petition of either party to the action, or upon its own motion, for *good cause shown* (emphasis ours) after a hearing, may set aside such interlocutory decree. * * *"

The motion to set aside the interlocutory decree was based upon the allegation that the plaintiff in said suit, petitioner herein, was not a bona fide resident of the State of Colorado, but was a resident of the State of Nebraska. Evidence was taken thereon and an offer of proof made by petitioner herein at the hearing above referred to on February 8, 1955, and petitioner complains that the evidence introduced, together with the proffered evidence, was insufficient to warrant the setting aside of the interlocutory decree.

■ The trial court in its order setting aside the interlocutory decree stated as follows:

"I will give you fifteen days to tender the record. Then, if you do not tender it at that time, I will give fifteen days from that time to answer."

The above quoted language in effect gave the petitioner herein fifteen days to elect to stand upon the court's ruling, request and obtain a judgment of dismissal and seek review by writ of error or answer in the court below.

Had the petitioner elected to stand on the court's ruling and obtain a final judgment of dismissal, this ruling would have been reviewable by this Court on writ of error. *Mathews v. Mathews,* 73 Colo. 597, 216 Pac. 704.

Had defendant desired to answer, the issue of residency of the plaintiff and other issues properly framed by the pleadings could have been passed upon by the trial court. *People ex rel. Stanko v. County Court, et al,* 110 Colo. 428, 135 P. (2d) 232.

This Court in *Rogers v. Best, warden,* 115 Colo. 245, 171 P. (2d) 769, stated, page 247:

"This court will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court."

Accordingly it is our order and judgment that this action be, and accordingly it is, dismissed.