Mr. Justice Schauer
delivered the opinion of the court.
Colorado Skyline Investments, Ltd., George L. Coon and Maxine B. Coon, hereinafter referred to as petitioners, filed their petition in this court against the District Court in and for the County of Boulder and State of Colorado, and the Honorable Howard O. Ashton as District Judge, hereinafter referred to as respondents, praying in part for the issuance of a citation to show cause:
“1. Why said Judgment entered on March 3, 1966, in the sum of Forty-Two Thousand Nine Hundred, Ninety-Three and 77/100 Dollars ($42,993.77) should not be vacated, and * *
Rule to show cause was issued by this court to which respondents complied by filing their answer to the petition. On the same day the record of the trial court was filed and subsequently petitioners filed a reply.
A very brief summary of the action, as revealed in the record, indicates the following:
The First National Bank in Boulder filed its complaint and obtained a judgment on a cognovit note against the petitioners. Thereafter petitioners filed a motion to set aside the judgment. At a hearing before the court on April 8, 1966, a stipulation was entered into by respective counsel, petitioners being present, and the motion to set aside the judgment was withdrawn. Subsequently, the petitioners filed a motion to set aside the stipulation entered into on April 8, 1966. On the same date a motion was filed requesting that the trial judge disqualify himself from further presid *394 ing over the matter because of his former employment with the First National Bank in Boulder.
On April 21, 1966, a hearing was held on the motion to set aside the stipulation of April 8, 1966. Petitioners’ counsel’s motion to withdraw as the attorney, previously filed, was withdrawn and the motion to change judges was denied. A stipulation was entered into setting aside the stipulation of April 8, 1966, and setting the matter for trial on the issue as joined by the original complaint and the answer which was attached to the original motion to set aside the judgment. It was further stipulated that the judgment remain in effect but that execution thereon be stayed until completion of the trial on the merits.
On April 27, 1966, counsel for petitioners again filed a motion to withdraw. The petitioners approved the withdrawal, ratified all previous action of the counsel, and specifically agreed to be prepared to go to trial on May 12, 1966, as previously stipulated.
Petitioners, having obtained the services of new counsel, filed their original petition in this court containing the prayer as recited above.
The stipulation entered into on April 21, 1966, remains in effect and is controlling of the present status of the case. No action has been requested or taken to set aside the stipulation and therefore the principal issue as joined by the pleadings is still set for trial. The issue raised in the petition before this court to set aside the judgment remains a moot question in view of the present state of the record before the trial court. Petitioners have not yet concluded the remedy they have instituted in the trial court.
A brief quotation from the “Brief In Support of Respondent’s Answer to Petition” is apropos at this point:
“Certainly, if the stipulation of April 21, 1966 was entered by the defendants’ former attorney without their authorization to do so, it is not binding on them, and the respondent, Howard O. Ashton, now declares *395 that if the defendants had moved to vacate said stipulation, and proved the grounds set forth here, he would have granted the motion.”
Under the provisions of Rule 116, R.C.P. Colo., we conclude that the circumstances of this action do not render it necessary for exercise of original jurisdiction by this court. See Kemper v. District Court, 131 Colo. 325, 281 P.2d 512; Rogers v. Best, 115 Colo. 245, 171 P.2d 769.
The rule is discharged.