568 P.2d 81 (1977)
In re the MARRIAGE OF Ethel Jane FEMMER, Appellee, and
Max Edwin Femmer, Appellant.
No. 76-049.
Colorado Court of Appeals, Div. II.
May 5, 1977.
Rehearing Denied June 2, 1977.
Certiorari Denied August 29, 1977.
*83 Rothgerber, Appel & Powers, William P. Johnson, Denver, for appellee.
Donald S. Molen, Lynn Feiger, Denver, for appellant.
Van CISE, Judge.
In this dissolution of marriage action, the husband appeals the division of property and maintenance orders, contending the court abused its discretion. We reverse.
The parties were married in 1945 and separated in 1973. They have two children, both emancipated, one of whom was in college at the time of the hearings and was being supported by the husband. The wife commenced this action in March 1974, and an ex parte temporary restraining order was obtained at the time of filing, prohibiting the husband from transferring or encumbering any of the marital assets except for necessities or in the ordinary course of business.
Issues pertaining to dissolution of the marriage, division of property, maintenance, and other matters were heard by a court-appointed referee on January 22 and March 19, and were approved in final form November 10, 1975. On December 11, "nunc pro tunc January 22, 1975" (the date testimony was taken on the petition), the court signed a decree of dissolution, with the referee's court-approved findings, conclusions, and recommendations for permanent orders incorporated by reference.
The court awarded $154,220 in assets and allocated $29,387 in liabilities to the wife, for a net worth of $124,833, and awarded $327,864 in assets and allocated $203,067 in liabilities to the husband, for a net worth of $124,797. In making this division, the court valued the major asset of the parties, the IBM stock, at its March 19, 1975, high market value but listed the principal liabilities based on April 11, 1974, figures, whereas those same obligations a year later were substantially larger. The court did not include in its computations a sizeable and undisputed liability of the husband to the Central Bank, incurred for the benefit of the son. Also, it excluded, as "nonmarital," other assets and liabilities in the husband's name, for the stated reason that most of these (money borrowed and additional IBM stock purchased as a result of exercising preexisting and expiring options) were acquired or incurred by the husband without the wife's consent shortly after the separation and some after the issuance of the restraining order.
All of the parties' property and debts were acquired and incurred subsequent to the marriage; none resulted from gift or inheritance. Therefore, all of it, including that excluded by the trial court, is marital. Section 14-10-113(2), C.R.S. 1973. In order to make a fair and equitable disposition, the court must consider all of the marital assets and liabilities and must value them as of the same date.
Section 14-10-113(5), C.R.S. 1973, requires that the property and debts be valued "as of the date of the decree or as of the date of the hearing on disposition of property if such hearing precedes the date of the decree." Since the decree incorporated orders on property and maintenance not approved in final form until November and therefore not in existence on the "nunc pro tunc" January 22 date, the "date of the decree," for purposes of § 14-10-113(5), is the day it was signed, here December 11. Where the hearing on disposition of property takes more than one day and there is a substantial interval between hearing days, the "date of the hearing" is the day when the last evidence was presented on this matter. Therefore, the valuation date for disposition of the property must be March 19, 1975.
*84 Since in this review we cannot ascertain what disposition the court would have made of the property and liabilities had it utilized proper valuations and included all marital items, and since the differences in valuations and the amount of exclusions were substantial, the division of property order cannot stand. See Donnelly v. Donnelly, 167 Colo. 229, 449 P.2d 350.
Inasmuch as maintenance and property division must be considered together in reaching a just result, Carlson v. Carlson, 178 Colo. 283, 497 P.2d 1006; Krall v. Krall, 31 Colo.App. 538, 504 P.2d 681, the provisions for maintenance must also be set aside.
Asserting that, at the time of the commencement of this action, he was a resident of Denver and was served with process there, the husband claims the court erred in denying his timely filed motion for change of venue from Boulder to Denver. See § 14-10-105, C.R.S. 1973; C.R.C.P. 98(c). However, at the hearing on this motion, the only evidence presented supported the court's finding that the husband was a resident of Boulder County. This finding is, therefore, binding on this appeal. People ex rel. Stanko v. County Court, 110 Colo. 428, 135 P.2d 232.
The orders for property division and maintenance are reversed, and the cause is remanded for a new trial on disposition of property and liabilities (valued as of March 19, 1975) and on maintenance (based on the effect of the new property division order and the circumstances of the parties at the time of the forthcoming hearing). The present order concerning maintenance shall continue in effect as a temporary order pending further action by the trial court.
PIERCE and KELLY, JJ., concur.