## No. 27831

**Michelle S. Walsmith v. The Honorable Joseph Lilly, Chief Judge, District Court of the Second Judicial District of the State of Colorado**

(571 P.2d 1107)

Decided November 21, 1977.

David L. Worstell, Louis A. Weltzer, for petitioner

Honorable Joseph N. Lilly, respondent pro se.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding in which petitioner seeks relief in the nature of prohibition to prevent the respondent chief judge of the district court in and for the City and County of Denver from changing venue in petitioner's action for a decree of dissolution of marriage. We issued a rule to show cause why the relief sought should not be granted. Both parties have now responded. We hold that the change of venue order by the chief judge is improper and we therefore make the rule absolute.

The action was initiated by petitioner Michelle Walsmith, who resides in Arapahoe County. Her husband, James Walsmith, resides in Boulder County. The dissolution action was filed in the district court of the City and County of Denver. The husband filed a waiver, consent and acceptance of service, signed in Denver, in which he agreed "to the court's jurisdiction to determine all issues raised by the pleadings. . ." On his own

motion, the respondent chief judge ordered a change of venue to Arapahoe County because "the Petitioner is not a resident of the City and County of Denver." This action was taken pursuant to a December 1976 directive by the previous chief judge that all dissolution of marriage cases filed in Denver in which the complaint indicates that both petitioner and respondent reside outside the City and County of Denver should be transferred to the appropriate county for further proceedings.

■ Venue in dissolution of marriage cases is governed by C.R.C.P. 98. *See Bacher v. District Court*, 186 Colo. 314, 527 P.2d 56 (1974), section 14-10-105, C.R.S. 1973 of the Uniform Dissolution of Marriage Act and C.R.C.P. 81(b). Under Rule 98(e)(1), the parties here had waived their right to have venue changed. That rule provides:

". . .[A] motion to change venue shall be filed within the time permitted for the filing of motions. . . . *Unless so filed, the right to have venue changed is waived.*" (Emphasis added.)

Neither party filed a motion to change venue, and in fact, both expressly stated their willingness to have venue in Denver — the petitioner, by filing her dissolution action in Denver District Court, and the husband by filing a waiver.[1]

Rule 98(e)(1) authorizes a court to order a change of venue on its own motion in certain situations, including those described in subsection (f)(2), which states:

"The court may, on good cause shown, change the place of trial in the following cases: . . . (2) when the convenience of witnesses and the ends of justice would be promoted by the change."

Because of the large volume of dissolution cases filed in the Denver District Court, the previous chief judge decided that the interests of justice would not be served by overloading the docket with matters which should more appropriately be tried elsewhere. To promote the interest of justice and to provide for orderly administration of our judicial system, a directive or local court rule of this nature is justified and valid under our Rules of Civil Procedure. Such a directive or rule of court is, of course, subject to the requirements of C.R.C.P. 83 which provides for Supreme Court approval prior to application.

■ Where both parties to a dissolution case reside in a county outside of the judicial district where the case is filed, a directive or rule of court could properly authorize that court on its own motion to change

---

[1] As in *Cliff v. Gleason*, 142 Colo. 500, 351 P.2d 394 (1960), had either party here moved for a change of venue, the court would have been obligated under C.R.C.P. 98(f)(1) to grant the change because the petition was not filed in the appropriate county, as defined in the rule.

". . . [A]n action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county. . ."

Neither party resided in Denver County where the petition was filed.

venue, unless for good cause shown by the parties, or either of them, venue should be retained by the court in which the case is filed. There are undoubtedly a variety of fact situations where the justice of the cause would demonstrate that a dissolution case should be tried outside the residence of either or both of the parties. Such a showing would thus become a compelling factor and a justification for not changing venue in such situations. The parties should have been given the opportunity to make such a showing if they desired.

On the basis of the foregoing discussion, it therefore appears clear that the directive in this case was applied erroneously and therefore, the court's order changing venue is ordered withdrawn.

■ Petitioner also alleged that the order was contrary to Article VI, section 9 of the Colorado Constitution, which states that district courts are courts of general jurisdiction. However, this provision does not have any effect on the venue of cases, and general jurisdiction includes the power to change venue as provided by law. *See Fletcher and Gerelds v. Stowell*, 17 Colo. 94, 28 P. 326 (1891).

The rule is made absolute.