James E. BROWNELL, Petitioner,

v.

DISTRICT COURT In and For the COUNTY OF LARIMER, State of Colorado, and the Honorable John-David Sullivan, One of the Judges Thereof, Respondents.

No. 83SA190.

Supreme Court of Colorado,
En Banc.

Oct. 11, 1983.

March, Myatt, Korb, Carroll & Brandes, Joseph T. Carroll, Jr., Fort Collins, for petitioner.

Colorado Rural Legal Services, Inc., Janet L. Rodriguez, Fort Collins, for respondents.

LOHR, Justice.

In this original proceeding under C.A.R. 21, James E. Brownell seeks relief from an order of the Larimer County District Court denying his motion for change of venue in a dissolution of marriage action brought by his wife, Syndee Brownell. We issued a rule to show cause why venue should not be changed to Garfield County. We now make the rule absolute.

We glean the pertinent facts from copies of uncontroverted affidavits attached to the petitioner's application for C.A.R. 21 relief. James and Syndee Brownell and their two minor children resided in Glenwood Springs in Garfield County during the last two months of 1982. The parties had lived in El Jebel in Eagle County for three years immediately preceding their move to Glenwood Springs. On January 1, 1983, the wife and children moved to Fort Collins, where the wife filed an action for dissolution of the marriage. After the husband was served with process in Garfield County, he moved to change the venue to that county. The district court held a hearing on the motion and denied it. We then issued a rule to show cause in order to review the propriety of the district court's action.

C.R.C.P. 98 governs venue in dissolution of marriage proceedings. *Walsmith v. Lilly*, 194 Colo. 270, 571 P.2d 1107 (1977).[1] The applicable part of C.R.C.P. 98 is subsection (c), which provides that, with exceptions not applicable here, "an action shall be tried in the county in which the defendants,[2] or any of them, may reside at the commencement of the action ...."

---

1. The path leading to this conclusion begins with C.R.C.P. 81(b), which provides that the Colorado Rules of Civil Procedure "shall not govern procedure and practice in actions in dissolution of marriage ... insofar as they may be inconsistent or in conflict with the procedure and practice provided by the applicable statute." Section 14–10–105(1), C.R.S.1973, a part of the Uniform Dissolution of Marriage Act, provides, however, that "[t]he Colorado rules of civil procedure apply to all proceedings under this article, except as otherwise specifically provided in this article." No other section of the Uniform Dissolution of Marriage Act treats the subject of venue in dissolution of marriage actions. Therefore, as we concluded in *Walsmith v. Lilly, supra,* we must look to C.R.C.P. 98, the civil procedure venue rule, for guidance in resolving venue questions in dissolution of marriage proceedings.

2. Under the Uniform Dissolution of Marriage Act the initial pleading is denominated a petition and the responsive pleading is called a response. Section 14–10–105(3), C.R.S.1973. For the purpose of the venue statute the petitioner is the equivalent of the plaintiff and the respondent corresponds to the defendant. *See Walsmith v. Lilly,* 194 Colo. 270, 571 P.2d 1107 (1977).

Since James E. Brownell lived in Garfield County when this action was commenced, that is the proper venue for this proceeding.[3]

The respondent wife contends, however, that a dissolution of marriage action is an in rem proceeding[4] and, pursuant to C.R.C.P. 98(a), may be tried in the county in which the "subject of the action," i.e., the marital status, "or a substantial part thereof" is situated. From this premise, she argues that venue is proper where either the husband or the wife resides, for a substantial part of the marital status is associated with each. C.R.C.P. 98(a) provides no support for this position. It does not speak of in rem actions, but instead provides:

> All actions affecting real property, franchises, or utilities shall be tried in the county in which the subject of the action, or a substantial part thereof, is situated.

A dissolution of marriage action is not an action "affecting real property, franchises, or utilities" within the meaning of C.R.C.P. 98(a), so that rule is inapposite.

The wife also contends that, even if venue is otherwise improper, the case should be retained in Larimer County for the convenience of the witnesses and in recognition of the economic hardship that a transfer of this action—in which she proceeds in forma pauperis and is represented by Colorado Rural Legal Services, Inc.—would involve for her. The wife's position is based upon C.R.C.P. 98(f)(2), permitting a court "on good cause shown" to change the place of trial "when the convenience of witnesses and the ends of justice would be promoted by the change." This argument proceeds from a misapprehension of the meaning of C.R.C.P. 98(f)(2). The rule is directed to a *change* of venue and contemplates that venue is properly placed in the court in which the C.R.C.P. 98(f)(2) motion is filed. C.R.C.P. 98(f)(2) provides no basis for a court without proper venue to retain a case over the objection of one of the parties.

When a meritorious motion for change of venue is filed, "the trial court loses jurisdiction in the case to proceed further with the determination of other issues, and has only authority to order a transfer to the proper county." *Board of County Commissioners v. District Court,* 632 P.2d 1017, 1022 (Colo.1981). *See Cliff v. Gleason,* 142 Colo. 500, 351 P.2d 394 (1960). The trial court erred in denying the motion for change of venue in this case.

We make the rule absolute.

---

**3.** Cases decided prior to the Uniform Dissolution of Marriage Act also held that the county of the defendant's residence is the proper venue for a divorce action, provided that the county of the plaintiff's residence is also proper if the defendant was served there. *People ex rel. Martine v. County Court,* 101 Colo. 67, 70 P.2d 345 (1937); *People ex rel. Martin v. County Court,* 72 Colo. 374, 211 P. 102 (1922); *People ex rel. Lackey v. District Court,* 30 Colo. 123, 69 P. 597 (1902); *see People ex rel. Stanko v. County Court,* 110 Colo. 428, 135 P.2d 232 (1943).

**4.** We have stated that an action for divorce is a proceeding in rem for the purpose of supporting jurisdiction over the person of the defendant based on personal service outside the state of the plaintiff's domicile. *Owen v. Owen,* 127 Colo. 359, 257 P.2d 581 (1953).