672 P.2d 1006 (1983)
Clarence HALLIBURTON, Petitioner,
v.
COUNTY COURT In and For the CITY AND COUNTY OF DENVER, and the Honorable Theodore H. Chrysler, one of the Judges thereof, and County Court In and For the County of Arapahoe, and the Honorable Richard B. Cossaboom, one of the Judges thereof, Respondents.
No. 83SA352.
Supreme Court of Colorado, En Banc.
December 5, 1983.
*1008 Linda J. Olson, LeRoy L. Miller, Denver, for petitioner.
Stephen H. Kaplan, City Atty., Lee G. Rallis, William C. Murray, Jr., Asst. City Attys., Denver, for respondent Denver County Court.
Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Ruthanne Gartland, First Asst. Atty. Gen., Denver, for respondent Arapahoe County Court.
LOHR, Justice.
In this original proceeding under C.A.R. 21, the petitioner, Clarence Halliburton, asks that we direct either the Arapahoe County Court or the Denver County Court to afford him a jury trial on a date certain to resolve the civil claims that the petitioner has asserted against United Bank of Aurora (Bank). We conclude that both respondent courts abused their discretion but hold that the appropriate relief is to make absolute the rule directed to the Arapahoe County Court and to discharge the rule issued to the Denver County Court.
On November 3, 1981, the petitioner commenced an action in tort and for breach of contract[1] against the Bank in Arapahoe County Court and endorsed on his complaint a demand for a jury trial. After an answer had been filed by the Bank, a jury trial was set for March 8, 1982. The parties appeared, prepared for trial, but the court on its own motion ordered the trial continued to May 17, 1982, in order to accord speedy trials to persons charged with crimes. The petitioner's case was again continued on May 17, 1982, October 4, 1982, and January 10, 1983, each time on the court's own motion because of the need to provide speedy trials in criminal cases. On each occasion, the petitioner and the defendant appeared, prepared for trial, before the court ordered the continuance. On January 10, 1983, after continuing the case for the fourth time, the judge advised counsel that he did not know when, if ever, a civil jury trial could be held in Arapahoe County Court in light of the continuing necessity to hear criminal matters.
In order to obtain a forum for resolution of their dispute, on January 28, 1983, the petitioner and the Bank entered into a written stipulation for dismissal of the Arapahoe County action without prejudice, with the express agreement that the petitioner could refile the case in Denver County Court and the Bank would accept service in Denver. Based on the stipulation, the Arapahoe County Court dismissed the case on March 29, 1983.
In the meantime, on February 8, 1983, the petitioner filed a complaint and demand for jury trial in Denver County Court. The complaint recited, "The Defendant has agreed to accept service and accepts venue in the Denver County Court to promote the interest of justice and serve the convenience of witnesses." The Bank accepted service at its counsel's office in Arapahoe County and filed an answer. The case was scheduled for jury trial on June 6, 1983, and the parties appeared, prepared for trial.
The Denver county judge reviewed the file, noted that the proper venue under C.C.R.C.P. 398 was Arapahoe County and, on the court's own motion and over the petitioner's objection, ordered the case transferred to Arapahoe County. In doing so, the judge observed that the caseload in Arapahoe County Court is much less than in the county courts in Denver. The judge expressed skepticism that the convenience of witnesses would be served by trial in Denver and stated that the court could not *1009 give assurance when the case could be heard in Denver County Court. When told of the scheduling problem that the parties had experienced in Arapahoe County and that had prompted the refiling in Denver, the court expressed the opinion that there were other courts with lesser caseloads in which the action could be filed.
The petitioner then brought this original proceeding. He contends that the Denver County Court's ruling deprived him of his right to a jury trial contrary to C.C.R.C.P. 339 and denied him due process of law, equality of justice, and the right to a speedy remedy, in contravention of Colo. Const. Art. II, §§ 3, 6 and 25. With respect to the Arapahoe County Court's action, the petitioner contends that by structuring the court system to require a civil litigant to undergo repeated continuances if a jury trial is requested, the court effectively forces that litigant to settle the action or waive a jury trial. As a practical result, the petitioner urges, a civil litigant is denied the right to a jury trial, and is deprived of his constitutional protections under Colo. Const. Art. II, §§ 3, 6 and 25. The petitioner asserts that he has suffered these adverse consequences in the present case.
The principles concerning the appropriateness of original proceedings under C.A.R. 21 are well-settled in Colorado. Although an original proceeding is not a substitute for an appeal and is discretionary, such a proceeding can be employed to test whether a trial court is acting without or in excess of its jurisdiction. A proceeding under C.A.R. 21 is also appropriate to review a serious abuse of discretion where an appellate remedy would not be adequate. Margolis v. District Court, 638 P.2d 297, 300-01 (Colo.1981); Sanchez v. District Court, 624 P.2d 1314, 1316 (Colo.1981); Coquina Oil Corp. v. District Court, 623 P.2d 40, 41 (Colo.1981). This court has not been reluctant to exercise its original jurisdiction when the circumstances of the case warrant extraordinary relief. Sanchez v. District Court, supra, 624 P.2d at 1316.
The circumstances of this case, in which the petitioner has attempted repeatedly to bring his case to trial before a jury and in which it is unlikely that he will be afforded a jury trial in the near future, are sufficiently suggestive of a serious abuse of discretion to warrant review of the trial courts' actions in an original proceeding. We first address the propriety of the Denver County Court's change of venue ruling in the action now pending and then consider whether the Arapahoe County Court abused its discretion by repeatedly continuing the earlier case.
The petitioner is a resident of Denver and the Bank has its place of business in Arapahoe County. The complaint filed in Denver County Court alleged claims for relief based on the theories of contract, negligence and conversion. The Bank was served in Arapahoe County. Under these circumstances, Arapahoe County was the proper venue.[2] It is settled law, however, that in a civil case where the defendant does not interpose a timely motion to change the place of trial, improper venue does not impair a court's jurisdiction. See Slinkard v. Jordan, 131 Colo. 144, 149, 279 P.2d 1054, 1056 (1955); Kirby v. Union Pacific Railway Co., 51 Colo. 509, 541, 119 P. 1042, 1054 (1911); C.C.R.C.P. 398(d)(3). The question to be determined is whether under such circumstances the Denver County Court acted properly in changing venue at its own instance, contrary to the agreement of the parties and over the express objection of one of them.
In Walsmith v. Lilly, 194 Colo. 270, 571 P.2d 1107 (1977), we held a change of venue initiated by the Denver District Court in order to help alleviate an overcrowded court docket to be improper. Neither party to that dissolution of marriage action resided in Denver, but the husband had filed a *1010 waiver and agreed to submit to the court's jurisdiction to determine all of the issues raised by the pleadings. In contrast to the county court rules, the district court rules at issue in Walsmith allowed a court to change venue on its own motion in certain circumstances, including those "where the convenience of witnesses and the ends of justice would be promoted by the change." C.R.C.P. 98(e)(1) and 98(f). Noting this specific authority in C.R.C.P. 98, we recognized in Walsmith that a directive or rule of court could properly authorize a court to change venue on its own motion if both parties to a dissolution case reside in another county and neither of the parties can show good cause why venue should be retained by the court in which the case is filed. We observed, however, that the parties should be given an opportunity to show why the court should retain venue.[3]
In the present case, the Bank agreed to accept service in Denver, although service was actually made at the office of the defendant's counsel in Aurora. At the time scheduled for trial in Denver County Court, the parties, their counsel and witnesses appeared, ready for trial. When the court noted that Denver was not a proper venue, the petitioner fully informed the judge of the procedural background of the case to explain why the parties had agreed to file the case in Denver. Contrary to the wishes of the parties, the court on its own motion ordered venue changed to the Arapahoe County Court. To justify this action, the court commented that the docket of the Denver County Court was considerably more overcrowded than that of Arapahoe County. Under these circumstances, and particularly in the absence of any express authorization in the county court rules for change of venue on a motion by the court, we hold that the Denver County Court grossly abused its discretion in ordering venue changed to Arapahoe County. See Walsmith v. Lilly, supra.[4]
In regard to the events in the Arapahoe County Court, we conclude that the repeated delays with no promise that a trial would ever be held impermissibly burdened the plaintiff's right to a jury trial under C.C.R.C.P. 339. Moreover, the Arapahoe County Court concedes on page two of its answer brief that "in all likelihood, [the second judge's] treatment of this case would not be any different from that of [the judge to whom the first case was assigned], and a civil jury trial scheduled before [the second judge] would probably be continued, repeatedly, due to the quantity and backlog of criminal cases set for jury trial in the Eighteenth Judicial District." This admission obviates any possible objection that this original proceeding is premature because of the plaintiff's failure to seek a trial date after venue had been transferred to Arapahoe County.
Respondent Arapahoe County Court asserts that the petitioner should have requested assignment of a visiting judge to hear the action originally filed there after the likelihood of repeated continuances became apparent. We hold, however, that a litigant has no such obligation. Such decisions are administrative, not judicial. *1011 Certainly, obtaining additional judges by special assignment is one possible way to address on a temporary basis the overall problem of court congestion that gives rise to this original proceeding, but these administrative matters are for the court to treat on its own initiative. The failure of the court to address the problem cannot be justified by the fact that the parties did not suggest an appropriate administrative solution.
We understand the problems imposed by oppressive caseloads and limited judicial resources, but it is the obligation of the judicial system to work out some accommodation that does not have the effect of denying substantial rights to litigants. We do not address the larger problem of overcrowded courts. We only determine that in this case each of the two county courts abused its discretion by denying the petitioner any means of obtaining a civil jury trial.
The present posture of the case is that venue has been changed to Arapahoe County. That is the proper venue and is where the dispute would have been resolved by jury trial had the Arapahoe County Court not abused its discretion. Therefore, we conclude that the appropriate remedy is to direct that a jury trial be set in Arapahoe County Court on a day certain to hear the plaintiff's action.
The rule is made absolute as to the respondent Arapahoe County Court and is discharged as to the respondent Denver County Court.
NOTES
[1] The petitioner claims that the Bank wrongfully opened a joint account, rather than a payable on death account, for him and that the Bank improperly withheld $3,313.53 from the proceeds of that account when it was closed. The amount was allegedly withheld to pay a debt owed to the Bank by an individual listed as a joint owner of the account.
[2] C.C.R.C.P. 398(c) provides in pertinent part: "[with exceptions not relevant here] an action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or in the county where the plaintiff resides when service is made on the defendant in such county ...."
[3] In Walsmith, the court had acted pursuant to a chief judge's directive that dissolution of marriage proceedings involving litigants who both reside in counties outside Denver should be transferred to the appropriate county. We held it was improper to apply this directive without offering the parties an opportunity to show good cause why the venue should be retained in Denver. We also noted that any such "directive or rule of court is, of course, subject to the requirements of C.R.C.P. 83 which provides for Supreme Court approval prior to application." Walsmith v. Lilly, supra, 194 Colo. at 272, 571 P.2d at 1109. C.R.C.P. 83 has subsequently been repealed and replaced by C.R.C.P. 121(a). The comparable rule concerning supreme court approval of county court rules is C.C.R.C.P. 383.
[4] Respondent Denver County Court argues that it did not obtain jurisdiction when the case was originally filed because the filing preceded dismissal of the Arapahoe County action. The dismissal and refiling were accomplished pursuant to an express agreement of the parties. The earlier action had been dismissed for several months before the venue change complained of here. Under these circumstances, we find no merit in the contention that the Denver County Court never obtained jurisdiction.