Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
January 9, 2023

**2023 CO 1**

**No. 22SA195, *Nelson v. Encompass PAHS Rehabilitation Hospital, LLC d/b/a Encompass Health Rehabilitation Hospital of Littleton* — Civil Procedure.**

In this original proceeding involving a case of first impression, the supreme court considers whether a trial court erred in looking to the residences of a limited liability company's ("LLC") members in determining that venue was proper and denying the LLC's motion to change venue. The supreme court rejects the respondent's argument — which is based on federal diversity jurisdiction cases — that the trial court may properly look to the residences of the LLC's members in deciding where venue lies. The supreme court concludes that an LLC's residence, for venue purposes under C.R.C.P. 98, is determined based on the residence of the LLC, not the residences of its members. Accordingly, the supreme court vacates the trial court's order denying the motion to change venue and makes the rule to show cause absolute.

## The Supreme Court of the State of Colorado
2 East 14th Avenue • Denver, Colorado 80203

## 2023 CO 1

### Supreme Court Case No. 22SA195
*Original Proceeding Pursuant to C.A.R. 21*
Boulder County District Court Case No. 22CV30257
Honorable Andrew Hartman, Judge

### In Re
### Plaintiff:

Floyd Nelson,

v.

### Defendant:

Encompass PAHS Rehabilitation Hospital, LLC d/b/a Encompass Health
Rehabilitation Hospital of Littleton.

### Rule Made Absolute
*en banc*
January 9, 2023

**Attorneys for Plaintiff:**
Rhoden Law Firm
Garry J. Rhoden
    *Craig, Colorado*

**Attorneys for Defendant:**
Rodman & Rodman, LLC
John R. Rodman
Brendan P. Rodman
Cala R. Farina
Sheridan S. Couture

*Denver, Colorado*

**Attorneys for Respondent Boulder County District Court:**
Philip J. Weiser, Attorney General
Grant T. Sullivan, Assistant Solicitor General
    *Denver, Colorado*

**JUSTICE BERKENKOTTER** delivered the Opinion of the Court, in which **CHIEF JUSTICE BOATRIGHT**, **JUSTICE MÁRQUEZ**, **JUSTICE HOOD**, **JUSTICE GABRIEL**, **JUSTICE HART**, and **JUSTICE SAMOUR** joined.

JUSTICE BERKENKOTTER delivered the Opinion of the Court.

¶1　In this original proceeding under C.A.R. 21, we consider how to determine a limited liability company's ("LLC") residence for purposes of analyzing venue. Petitioner Encompass PAHS Rehabilitation, LLC d/b/a Encompass Health Rehabilitation Hospital of Littleton ("Encompass") argues that the trial court erred in looking to the residence of Encompass's members in determining that venue was proper in Boulder County District Court and thus denying Encompass's motion for change of venue. Respondent Floyd Nelson, analogizing to federal diversity cases, argues that the trial court properly looked to the residences of Encompass's members in deciding where venue lies.

¶2　In addressing this issue of first impression, we explore the nature and form of LLCs and the differences between venue and federal diversity jurisdiction, and ultimately conclude that the residence of an LLC for venue purposes under C.R.C.P. 98 is controlled by the residence of the LLC, not that of its members. We, accordingly, make the rule absolute.

## I. Facts and Procedural History

¶3　The pertinent facts are not in dispute. Nelson, a resident of Arapahoe County, alleges that he sustained injuries from a fall at a rehabilitation hospital owned by Encompass, an LLC, that is located in Arapahoe County. Nelson sued Encompass, asserting claims for negligence; medical negligence; and negligent

3

hiring, supervision, retention, and training. Although Nelson is a resident of Arapahoe County, the LLC is located in Arapahoe County, and the alleged torts occurred in Arapahoe County, Nelson brought the action in Boulder County District Court.

¶4 Before responding to Nelson's suit on the merits, Encompass moved to change venue from Boulder County to Arapahoe County pursuant to C.R.C.P. 98(f). Encompass argued that because neither it nor Nelson were residents of Boulder County and the alleged tort occurred in Arapahoe County, venue was improper and the suit had to be moved to Arapahoe County. Nelson opposed the motion, asserting that the trial court should look to the residences of Encompass's two limited liability members, (1) Encompass Health Littleton Holdings, LLC ("Littleton Holdings"); and (2) Porter Care Adventist Health System ("Porter"), in determining proper venue. Nelson contended that because Littleton Holdings, which owns a 68% stake in Encompass, is a Delaware-chartered corporation, he could file suit in the county of his choosing pursuant to C.R.C.P. 98(c), as interpreted by this court in *Denver Air Center v. District Court*, 839 P.2d 1182, 1184–85 (Colo. 1992). Nelson further asserted—upon information and belief—that Porter is a resident of Boulder County because it owns or operates two health care facilities in the county.

4

¶5    After the trial court denied Encompass's motion for change of venue, Encompass filed a petition for a rule to show cause why the trial court's denial of its motion to change venue should not be reversed.  We then issued an order to show cause.

## II.  Analysis

¶6    We begin by discussing our original jurisdiction and discretion to hear this matter pursuant to C.A.R. 21.  Next, we detail the relevant standard of review and principles of law, before turning to how, for venue purposes, courts should treat LLCs.  We then apply these principles to the matter before us and conclude that venue is not proper in Boulder County.  Accordingly, we make the rule absolute and vacate the trial court's order denying Encompass's motion to change venue to Arapahoe County.

### A.  Original Jurisdiction

¶7    This court exercises its original jurisdiction in those "extraordinary circumstances 'when no other adequate remedy' is available." *People in Int. of A.C.*, 2022 CO 49, ¶ 6, 517 P.3d 1228, 1233 (quoting C.A.R. 21(a)(1)).  We "have historically cabined" our original jurisdiction to matters raising "issue[s] of first impression that ha[ve] significant public importance." *People v. A.S.M.*, 2022 CO 47, ¶ 9, 517 P.3d 675, 677.  But we have also exercised our discretion to hear cases under C.A.R. 21 that "raise 'issues involving venue' because such issues 'directly

affect the trial court's jurisdiction and authority to proceed with a case' and 'review of a venue determination serves to avoid the delay and expense involved in re-trial should this court deem venue improper.'" *Magill v. Ford Motor Co.*, 2016 CO 57, ¶ 10, 379 P.3d 1033, 1036 (quoting *Hagan v. Farmers Ins. Exch.*, 2015 CO 6, ¶ 13, 342 P.3d 427, 432).

¶8 We choose to exercise our original jurisdiction to review the trial court's order denying Encompass's motion to change venue because it involves a question of first impression: how to discern an LLC's residence for venue purposes. Additionally, forcing Encompass to litigate this matter in Boulder County just so an appellate court could subsequently order a new trial in Arapahoe County would waste judicial resources and the parties' time and money.

## B. Standard of Review

¶9 We review a trial court's decision regarding a motion to change venue for an abuse of discretion. *Id.* at ¶ 12, 379 P.3d at 1036; *Sampson v. Dist. Ct.*, 590 P.2d 958, 959 (Colo. 1979). "A trial court abuses its discretion when it proceeds to hear a case where venue is improper." *Magill*, ¶ 12, 379 P.3d at 1036. "[W]hen a party requests a change of venue upon a ground which entitles it to the change as a matter of right the trial court loses all jurisdiction except to order the change." *Denver Air*, 839 P.2d at 1185 (quoting *Ranger Ins. Co. v. Dist. Ct.*, 647 P.2d 1229, 1231 (Colo. 1982)); *see Brownell v. Dist. Ct.*, 670 P.2d 762, 764 (Colo. 1983) ("When a

6

meritorious motion for change of venue is filed, 'the trial court loses jurisdiction in the case to proceed further with the determination of other issues, and has only authority to order a transfer to the proper county.'" (quoting *Bd. of Cnty. Comm'rs v. Dist. Ct.*, 632 P.2d 1017, 1022 (Colo. 1981))).

## C. Venue Principles

¶10    Pursuant to C.R.C.P. 98(f), courts "may, on good cause shown," grant a change of venue "[w]hen the county designated in the complaint is not the proper county." For torts, like those alleged here, venue is proper in the county: (1) where the plaintiff resides; (2) where an in-state defendant resides; or (3) where the alleged tort occurred. C.R.C.P. 98(c)(1), (5). If the defendant is not a Colorado resident, then venue is appropriate in the "county of plaintiff's choice." *Denver Air*, 839 P.2d at 1184–85.

¶11    A plaintiff may choose the county in which to file suit so long as venue is proper. *Hagan*, ¶ 14, 342 P.3d at 432. While there is a "strong presumption" in favor of a plaintiff's choice of venue, it is not absolute. *Id.* (quoting *UIH-SFCC Holdings, L.P. v. Brigato*, 51 P.3d 1076, 1078 (Colo. App. 2002)). The movant challenging a suit's venue bears the burden to show that it is improper. *Tillery v. Dist. Ct.*, 692 P.2d 1079, 1084 (Colo. 1984).

## D. LLCs and Venue

¶12    We turn next to consider the unique statutory scheme that authorizes the creation of LLCs, including how those statutes incorporate both corporate and general partnership principles.  Then, we consider Nelson's argument that an LLC's residence for venue purposes should be analyzed the same way its citizenship is determined for purposes of analyzing federal diversity jurisdiction.

¶13    As noted, an LLC created under Colorado's Limited Liability Company Act is a form of legal entity that "combin[es] features of Colorado's limited partnership and corporation statutes."  *LaFond v. Sweeney*, 2015 CO 3, ¶ 15, 343 P.3d 939, 944; *see* Colorado Limited Liability Company Act, §§ 7-80-101 to -1101, C.R.S. (2022).  The third of its kind in the country, the Act "includes some of the same basic features found in the Uniform Limited Liability Company Act of 1996 ('Model Act') drafted by the National Conference of Commissioners on Uniform State Laws."  *LaFond*, ¶ 15, 343 P.3d at 944; *Water, Waste & Land, Inc. v. Lanham*, 955 P.2d 997, 1000 (Colo. 1998).  However, "[u]nlike a number of other states, where LLC statutes were based on [the Model Act]," Colorado opted to "combine[] features of the state's existing limited partnership and corporation statutes."  *Water, Waste & Land*, 955 P.2d at 1000.  To that end, "the [Colorado] LLC Act includes the same basic features of limited liability, single-tier tax treatment, and planning flexibility shared by the Uniform Limited Liability Company Act and LLC legislation

8

adopted by other states." *Id.; see generally* John R. Maxfield et al., *Colorado Enacts Limited Liability Company Legislation*, 19 Colo. Law. 1029 (June 1990) (outlining the LLC statutory scheme in Colorado).

¶14 Similar to corporations, these LLCs shield individual members from personal liability for the LLC's actions. § 7-80-705, C.R.S. (2022). We have also previously made clear that LLCs created under the Act, like corporations, are "separate from the members that own the entity." *Griffith v. SSC Pueblo Belmont Operating Co.*, 2016 CO 60M, ¶ 11, 381 P.3d 308, 312. But LLCs are also like general partnerships in certain respects: they "avoid both double taxation and liability for the business's debts." 1 James D. Cox & Thomas Lee Hazen, *Treatise on the Law of Corporations* § 1:11, Westlaw (3d ed., database updated Dec. 2022).

¶15 Because LLCs are "a relatively new form of doing business, there may be questions as to whether laws applying to corporations, partnerships, and other enumerated forms of doing business apply to [LLCs]." *Id.* A leading treatise has noted that an LLC is "essentially a partnership with a legislative grant of limited liability," and that laws applying to corporations "should apply equally to [LLCs]." *Id.*

¶16 The residence of a corporation "generally is the county of its 'residence' or principal place of business." 9 *Fletcher Cyclopedia of the Law of Corporations* § 4372, Westlaw (database updated Sept. 2022); *accord Hagan*, ¶ 19, 342 P.3d at 433. This

is because the law considers a corporation a legal person that is entirely different from its individual shareholders, and which has a legal capacity that is distinct from its shareholders, even if they organized the corporation, manage it, and own all, or nearly all, of its shares. 1 James D. Cox & Thomas Lee Hazen, *Treatise on the Law of Corporations* § 1:2, Westlaw (3d ed., database updated Dec. 2022); *see generally* 19 C.J.S. *Corporations* § 787, Westlaw (database updated Nov. 2022) ("A corporation ordinarily may be sued in the county of its residence or domicile and for the purpose of suing or being sued, a domestic corporation is a resident of the county where it has its registered or principal office . . . . A 'principal office' is defined as an office of a corporation in which the decision makers for the organization within the state conduct the daily affairs of the organization." (footnotes omitted)).

¶17 Because a corporation is legally distinct from the individuals who run or own the entity, it "do[es] not belong to the natural persons composing it." *Trs. of Dartmouth Coll. v. Woodward*, 17 U.S. 518, 667 (1819). For this reason, a corporation's residence, for venue purposes, is determined based on the residence of the corporation, not the residences of the individuals who own it. Thus, when a court is examining a motion to change venue in a case involving a corporation, it does not consider where the corporation's officers or shareholders reside.

### E. Differentiating Federal Diversity Subject Matter Jurisdiction and Venue Principles

¶18　Nelson asserts that LLCs should not be treated like corporations in determining venue. Rather, he contends, an LLC's residence for venue purposes should be the same as its citizenship for purposes of analyzing diversity jurisdiction in federal court. He argues that an LLC "can reasonably and in fairness be found to reside where any of its members may be found." We disagree.

¶19　Federal diversity jurisdiction and venue principles are legally distinct concepts. And, importantly, they "are not concepts of the same order." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006). Federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332, "concerns a court's competence to adjudicate a particular category of cases." *Id.* Because diversity jurisdiction is rooted in the very authority of the court to act, a federal court may sua sponte raise concerns regarding diversity jurisdiction at any time. This is also why diversity jurisdiction cannot be waived. *Id.*

¶20　For diversity purposes, a corporation's citizenship or domicile is where it is registered to do business or its principal place of business. In contrast, "a limited liability company 'takes the citizenship of all its members'" for diversity purposes. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). This is because federal courts have declined to extend the

11

subject matter jurisdiction rule that applies to corporations to unincorporated associations. *Siloam Springs*, 781 F.3d at 1234; *see Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (collecting cases from circuit courts arriving at the same disposition).

¶21 But, Nelson's reliance on cases involving diversity jurisdiction in the federal courts is misplaced because subject matter jurisdiction arises out of different and "far weightier" concerns than venue. *Wachovia Bank*, 546 U.S. at 316. "Venue provisions come into play only after jurisdiction has been established and concern 'the place where judicial authority may be exercised.'" *Lindahl v. Off. of Pers. Mgmt.*, 470 U.S. 768, 793 n.30 (1985) (quoting *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939)). "[R]ather than relating to the power of a court, venue 'relates to the convenience of litigants and as such is subject to their disposition.'" *Id.* (quoting *Neirbo*, 308 U.S. at 168).

¶22 That is all to say that subject matter jurisdiction and venue analyses serve different purposes and ask different questions: federal diversity analysis looks to whether there is statutory authority for the federal trial court to even entertain the matter, whereas venue decisions turn on the convenience of the parties. *Associated Gov'ts v. Colo. Pub. Utils. Comm'n*, 2012 CO 28, ¶ 9, 275 P.3d 646, 649. And for venue purposes under C.R.C.P. 98, this also means looking to see if an action has been brought in a county other than one in which it should be tried.

12

¶23     Because these concepts are not interchangeable, conflating and injecting federal subject matter jurisdiction principles into an LLC venue analysis invites more confusion than clarity. *See* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3801, Westlaw (4th ed., database updated Apr. 2022). So, while the citizenship of an LLC's members is relevant to determining if a federal court has the authority to act in a particular case, that information is not particularly relevant to determining under C.R.C.P. 98 if venue is improper in a particular county or if venue is convenient when one of the parties is an LLC.

¶24     Moreover, it is illogical to suppose that the reach of C.R.C.P. 98, as it relates to an LLC, extends to the location of its members. This is particularly true because an LLC has a legal capacity that is distinct from its members. Importantly, an LLC is not merely a pass-through entity such that it only exists through its members. Thus, it makes little sense to make decisions about where a case should be litigated based on the location of the members of an LLC.[1]

---

[1] The trial court, relying on a case decided by a division of the court of appeals in 1900, argues that its ruling is consistent with the common law view that all unincorporated groups should be treated as partnerships for venue purposes. *See Adamson v. Bergen*, 62 P. 629, 630–31 (Colo. App. 1900). We are unpersuaded. While the ruling may well align with the common law view of unincorporated groups as articulated over a century ago, the General Assembly clearly understood when enacting the Limited Liability Company Act — and with it a

13

¶25 Adopting Nelson's logic would weaken the delineation the General Assembly created between LLCs and their members. *See Ronquillo v. EcoClean Home Servs., Inc.*, 2021 CO 82, ¶ 22, 500 P.3d 1130, 1135–36 ("We construe a statute 'as a whole to give "consistent, harmonious and sensible effect to all its parts."'" (quoting *Bd. of Cnty. Comm'rs v. Costilla Cnty. Conservancy Dist.*, 88 P.3d 1188, 1192 (Colo. 2004))). Because an LLC "is separate from the members that own the entity," *Griffith*, ¶ 11, 381 P.3d at 312, it strains common sense to look to the residences of an LLC's members to determine its residence for purposes of analyzing venue.

¶26 To find otherwise would contravene the overarching statutory purpose to delineate an LLC from its members, much like, for venue purposes, the distinction between a corporation and its shareholders. *See* 1 James D. Cox & Thomas Lee Hazen, *Treatise on the Law of Corporations* § 1:2, Westlaw (3d ed., database updated Dec. 2022). Accordingly, we hold that the residence of an LLC's members cannot properly be considered in determining the LLC's residence for venue purposes

---

new type of unincorporated association that was not merely a pass-through organization, like a partnership—that it was authorizing a new type of legal entity in derogation of the common law. § 7-80-109, C.R.S. (2022).

14

under C.R.C.P. 98. Instead, courts must determine an LLC's residence for venue purposes like a corporation's: by looking to the LLC's residence.

## III. Application

¶27 Having held that the residence of an LLC determines the location of the LLC for purposes of venue, we conclude that Encompass is a resident of Arapahoe County, not of Boulder County. Contrary to Nelson's contention, the fact that Encompass's members, Littleton Holdings and Porter, reside outside of Arapahoe County, does not affect our analysis. Venue is proper in Arapahoe County — and is improper in Boulder County — because (1) Nelson resides in Arapahoe County, (2) Encompass resides in Arapahoe County, (3) the alleged torts took place in Arapahoe County, and (4) Encompass is a Colorado resident.[2]

---

[2] Finally, Nelson also argues that Encompass failed to properly exhaust its remedies below by not filing a motion for reconsideration with the Boulder trial court. *See* C.R.C.P. 121, § 1-15(11). C.A.R. 21 does not obligate parties to move for reconsideration before seeking an order to show cause. *See* C.A.R. 21; *see also People ex rel. Rein v. Meagher*, 2020 CO 56, ¶ 22, 465 P.3d 554, 560 ("[W]e do not add words to or subtract words from a statute."); *People v. G.S.*, 2018 CO 31, ¶ 32, 416 P.3d 905, 913 ("We apply '[t]he standard principles of statutory construction . . . to our interpretation of court rules.'" (alterations in original) (quoting *In re Marriage of Wiggins*, 2012 CO 44, ¶ 24, 279 P.3d 1, 7)). C.A.R. 21 offers relief that is "wholly within the discretion" of this court. C.A.R. 21(a)(1). Accordingly, there is no procedural defect impeding our analysis of the parties' substantive arguments.

## IV. Conclusion

¶28    The residence of an LLC for venue purposes cannot be determined based on the residence of its members.  Rather, the residence of an LLC for venue purposes under C.R.C.P. 98 maps to how the residence of a corporation is determined for venue purposes.  That is, the trial court must look only to the residence of the LLC itself.  Because Encompass's residence, like Nelson's, is in Arapahoe County, and because the alleged torts occurred in Arapahoe County, venue is not proper in Boulder County.  Thus, the trial court erred in denying Encompass's motion to change venue.  Accordingly, we make the rule to show cause absolute, vacate the district court's order denying Encompass's motion to change venue, and remand for further proceedings consistent with this opinion.